BOUTALL, Judge.
This is a suit by an attorney against former clients for legal fees and expenses occasioned by his discharge from representation prior to the conclusion of the litigation for which he was retained. The trial judge made an award in favor of the attorney against one client only, and both parties have appealed. We reduce the award.
*973 E.J. Arnouville, Jr., was involved in an automobile accident on March 12, 1978, sustaining serious head injuries which caused his hospitalization in a comatose condition. The accident occurred in the early morning hours and later that day, a Sunday, Arnou-ville’s father, E.J. Arnouville, Sr., called attorney Daniel Becnel at home and requested his help in finding out about an alleged charge of driving while intoxicated against his son and in finding out more about the collision. Becnel went out to the scene on the day of the accident and took photos and measurements and also investigated the status of a DWI citation, finding that there was none.
Arnouville, Jr., was in a semi-comatose state for a week or ten days, and was kept in the hospital for 13 days before his release to his parents’ home. During the initial stages of this period, it is obvious that Bec-nel’s services were being utilized at the request of the Sr. Arnouville. However, on or about March 17, Becnel requested the Arnouvilles to have their son sign an employment contract, and this was accomplished in the next day or so, the signed contract being received by Becnel on the 20th. In his suit for fees, Becnel sues both the Sr. and Jr. Arnouville contending that he worked for Sr. up until March 20 and for Jr. thereafter.
Becnel proceeded to investigate and develop the facts of the accident and filed a law suit in behalf of Arnouville Jr. against the other driver and his employer. Approximately a year later a settlement offer was tendered in the case in the approximate sum of $27,500.00 which Becnel insisted that his client should accept, but the client refused and discharged Becnel. Becnel had found out during the course of his investigations that there was an available witness who would testify that Arnouville Jr. was speeding and it was quite likely that.the case would be lost on trial because of Ar-nouville Jr.’s negligence or contributory negligence. The precise facts surrounding the discharge are in dispute, but it is not disputed that Becnel was discharged and the probability of loss of the ease on trial was the compelling basis for the dispute. After discharging Becnel, Arnouville Jr. hired another attorney, and later replaced that attorney with a third attorney. The law suit was then tried and a jury verdict was rendered finding Arnouville Jr. guilty óf negligence and his suit was dismissed, resulting in no recovery whatsoever.
The issues on this appeal all revolve about the employment contract entered into between Becnel and Arnouville, Jr. The contract provided for a contingent fee of 33%% of any amount received in settlement without suit, a fee of 35% of the claim after suit and 40% of the claim after appeal. It further provided that no counsel fee shall be paid if there be no recovery, and all costs of litigation and all expenses connected with the matter were to be borne by Arnou-ville Jr. In the contract also appears the following provisions upon which this suit is based:
“4. I understand I have the right to change attorneys at any time, but should I change attorneys, it is specifically understood and agreed that a fee of $100.00 per hour be charged for any and all professional legal services and/or investigative work performed by Daniel E. Becnel, Jr., his law office investigators or office personnel.
5. It is specifically understood that all work hours are to be kept and maintained by Daniel E. Becnel, Jr., whose total number of hours will exclusively govern this part of the contract, should I decide to change attorneys.”
The first issue we consider is the liability of E.J. Arnouville, Sr., for attorney’s fees due Becnel. As noted above, the initial request for Becnel’s services came from him on the date of the accident while his son, who is past the age of majority, was in the hospital in a comatose condition. There is a conflict between the testimony of Arnouville Sr. and Becnel as to the conditions under which Becnel was employed. The trial court found that Arnouville Sr. employed Becnel to protect his son’s interest at a time when the son wasn’t able to act on his own behalf, and that when Ar- *974 nouville Jr. recovered he entered into a written contract which ratified all of the work product of Becnel, and that the conditions of employment were governed by the contract and solely the responsibility of the major son. We agree. Although there may be serious grounds in existence for responsibility of Arnouville Sr. if his son had not recovered, nevertheless the contract was signed later between Becnel and Arnouville Jr. and that contract governs the obligations of the parties. Accordingly, we affirm that portion of the judgment discharging Amouville Sr. from any obligation sued upon herein.
As to Arnouville Jr., the trial court found that Becnel was entitled to out-of-pocket expenses of $1,706.57, and additionally had earned the 35% specified as his fee for professional services of the proposed $27,-500.00 settlement, awarding $9,625.00 as attorneys fees. On considering the motion for new trial, the trial judge noted that his award was based upon hourly representation rather than percentage of the proposed settlement, but there was no change in the amount awarded.
The landmark decision regulating the award of attorneys fees in contingenty fee contracts between attorney and client is Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1979). In its consideration of the problems presented, the court held as follows, page 118:
“The exercise of our authority to regulate the practice of law, which encompasses the power to exert control by means of adjudication of individual cases as they arise, requires that we enforce the Disciplinary Rules of Code of Professional Responsibility, including those earlier quoted, relative to the discharge of counsel and regulation of fees. Considering the peculiar nature of the contingency fee contract, its social importance, and its potential for abuse as well, in light of our duty to enforce the Disciplinary Rules, we conclude that only one contingency fee should be paid by the client, the amount of the fee to be determined according to the highest ethical contingency percentage to which the client contractually agreed in any of the contingency fee contracts which he executed. Further, that fee should in turn be allocated between or among the various attorneys involved in handling the claim in question, such fee apportionment to be on the basis of factors which are set forth in the Code of Professional Responsibility.”
If we consider that the formula proposed therein governs all contingency fee contracts, then it is apparent that since there was no recovery in this case, the percentage of fee earned by Becnel amounts to zero. We note however that the court states that there should be adjudication on individual basis under the Disciplinary Rules of the Code of Professional Responsibility, and we believe the facts in this case to be such as to warrant a different solution.
The contract in this case contained a specific provision to cover attorney’s fees in the event of discharge. Such a contingency was not present in Saucier and indeed we note some speculation in that case as to whether an attorney would be unwilling to undertake representation if told at the outset that the client would discharge him and- pay him on some other basis. In the present contract the client is granted precisely that right. We conclude that the provisions of the contract should be enforced, except insofar as they violate the Disciplinary Rules of the Code of Professional Responsibility. These rules are promulgated in LSA-R.S. 37: Chapter 4 appendix, which contains the Articles of Incorporation and By-laws of the Louisiana State Bar Association. DR2-106 provides the regulations for fees for legal services and provides that a lawyer shall not enter into an agreement for a clearly excessive fee, defined as clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. As noted in Saucier the Disciplinary Rule implicitly recognizes the client’s absolute right to discharge his attorney and it is stripped of effect if the client’s exercise of that right is conditioned upon *975 his payment for the full amount specified in the contract. To impose upon the client the contractural requirement that he pay $100.00 an hour for “any and all professional and legal services and/or investigative work performed by Daniel E. Becnel, Jr., his law office, investigators or office personnel” with the total number of hours kept by Becnel to exclusively govern this part of the contract, violates these principles. See for example Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982). The burden of proving the reasonableness of the fees charged is the obligation of the attorney.
In considering the evidence produced in this case, it is not possible to set a precise amount for a fee. Becnel testified that he worked 126 hours and that the fee he charged regular clients was $100.00 per hour. However, his testimony is based mainly on recollection refreshed from his viewing his petition, and not upon daily logs or records of actual time spent. His explanation of failure to produce such records is that they were probably given to one of the attorneys who succeeded him and never returned, but there is evident no attempt to produce the attorney or the records in substantiation. On the other hand it is evident from the record that Becnel made a thorough research and investigation into the circumstances of the accident and spent considerable time in and effort to prepare his client’s case. Indeed it is obvious that his client would be in better financial condition if he heeded Becnel’s advice. We are thus faced with the situation where we either have to remand this matter for more evidence to make a precise determination, or, in the interest of judicial economy and fairness to both parties, we should attempt to set the fee at what we consider a reasonable basis relating the testimony herein to the rules set forth as the guidelines for fixing attorneys fees under the Disciplinary Rules of the Code. We conclude that since the attorney has the obligation of proving his fees, and being informed that the client is a person of limited means and that this litigation should reach an end as soon as possible, we conclude that a fee of $5,000.00 is reasonable under the facts of this case.
Considering now the expenses incurred by Becnel in furnishing the services, Becnel testified that he expended some $2,142.07 in expenses. The trial judge awarded him $1,706.57. We agree with the award of the trial judge. It is apparent that the difference between these two figures is the expenses of a trip to New York by Becnel for which there seems to be little or no justification in the record.
For the reasons above assigned, we affirm the judgment in favor of Ervin J. Arnouville, Sr., dismissing the suit against him. We amend the judgment in favor of Daniel E. Becnel, Jr., against Ervin J. Ar-nouville, Jr., by reducing the award to the sum of $6,706.57 and as thus amended we affirm. The costs of this appeal are to be shared equally between Daniel E. Becnel and Ervin J. Arnouville, Jr.
AMENDED AND AFFIRMED.