499 So.2d 602 (1986)
George T. OUBRE
v.
BANK OF ST. CHARLES AND TRUST COMPANY.
No. 86-CA-285.
Court of Appeal of Louisiana, Fifth Circuit.
December 8, 1986.
Rehearing Denied January 16, 1987.
Writ Denied March 13, 1987.
*603 Herman Hoffmann, Jr., Attorney at Law, New Orleans, for Bank of St. Charles.
Anatole Plaisance, Attorney at Law, Baton Rouge, for Oubre.
Before CHEHARDY, KLIEBERT and WICKER, JJ.
WICKER, Judge.
This appeal arises from a suit by an attorney for money he contends is owed to him on a collection case. The attorney, George T. Oubre (Oubre) filed suit against Bank of St. Charles and Trust Company (St. Charles) for 25% of the amount of $86,868.29 collected by St. Charles on a $100,000.00 promissory note. The bank contends that Oubre agreed to accept $500.00 as full payment for his services. The trial judge rendered judgment in favor of Oubre in the amount of $9,000.00, subject to a credit of $500.00. Both Oubre and St. Charles appeal. We affirm as amended.
The facts are as follows: On March 19, 1975 Oubre sent a demand letter to the debtors on a promissory note payable to St. Charles in the amount of $100,000.00. Oubre was retained by St. Charles for the purpose of collecting the balance of the note which was then in default. The note *604 provided for twenty-five (25%) per cent of the principal and interest due as attorney's fees.
On July 1, 1975 Oubre billed St. Charles $500.00 for his services. He contends that he was induced to only accept $500.00 since St. Charles did not want to charge the debtors with the attorney's fees. Moreover, the parties agreed that if Oubre were to accept $500.00, St. Charles would consider him for future legal services.
Oubre moved to Texas shortly thereafter and evidently did not receive any further work from St. Charles. On March 28, 1978 Oubre filed a suit against St. Charles to collect the money allegedly due him in this collection matter. He initially sued for 10% of the amount collected or $10,000.00 subject to a credit of the $500.00 he received. However, after trial but before judgment, the trial judge granted Oubre's motion to file an amended petition.
In his amended petition Oubre prayed inter alia for 25% attorney's fees or alternatively for reimbursement on a quantum meruit basis. The trial judge granted the motion to amend. He noted in his reasons for judgment that he had allowed Oubre to amend his petition to conform to the evidence. See L.S.A.-C.C.P. Article 1154.
On January 17, 1986 the trial judge rendered judgment in favor of Oubre and against St. Charles for $9,000.00 subject to the $500.00 credit with legal interest from the date of judicial demand and costs.
Appellant, St. Charles, now assigns the following specifications of error:
1. That the trial court committed reversible error in not finding that Oubre should be bound to his agreement to accept $500.00 as full payment for his services, and
2. That the trial court committed reversible error in finding that $9,000.00 was a reasonable fee for services performed in efforts to collect on a promissory note when the services involved only the writing of one demand letter and perhaps two or three phone calls, and the claim settled by the parties before proceeding to litigation.
St. Charles contends that Oubre agreed to accept $500.00 as payment for his services. However, Oubre asserts that he did not agree that the $500.00 was payment in full.
The trial judge heard conflicting testimony in this regard. Oubre testified that he had reluctantly accepted the $500.00 offered by the bank. In addition, he stated that although the bank agreed to send him additional legal work, he did not believe that he did receive additional business. He also testified that although he left Louisiana shortly after the agreement to send him additional work, he was still practicing law. Moreover, he stated that had he known at the time that the account had been paid he would not have accepted $500.00.
On the other hand, Alcide Laurent (Laurent) the Executive Vice President of the bank, testified that Oubre agreed to accept the $500.00. Additionally, he further testified that he told Oubre that he would do his best to send him additional business to "offset what he might have thought would have been additional funds." He was not certain, however, whether additional business was sent to Oubre's office.
The trial judge evidently gave greater weight to Oubre's testimony with regard to the nonexistence of the alleged agreement to accept $500.00 as payment in full since he evaluated the $500.00 payment in terms of quantum meruit. He made no statement in his reasons that he found that Oubre had accepted the $500.00 as payment in full. In fact, although not mentioned in his reasons, the court noted at the close of testimony that while he recognized this case as one involving a promissory note with a stipulated amount, there had been some "deviation". Thus, he apparently concluded that there had been an initial agreement where Oubre would be paid the stipulated 25% contained in the promissory note, but that a second agreement superseded the first. Obviously he did not find that the second agreement was that Oubre accept the $500.00 as payment in full.
*605 In Canter v. Koehring Company, 283 So.2d 716 (La.1973), the Louisiana Supreme Court held that:
[w]hen there is evidence before the trier of fact which upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error ... the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluation and inferences are as reasonable. The reasons for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts. [Citations omitted] See also Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Perniciaro v. Brinch, 384 So.2d 392 (La. 1980); Davis v. Owen, 368 So.2d 1052 (La.1979).
Considering the trial court's failure to conclude that Oubre agreed to accept the $500.00 as payment in full settlement and the entire record which we are able to view See, Long v. St. Paul Fire and Marine Insurance Co., 487 So.2d 732 (La.App. 5th Cir.1986); White v. C.F. Industries, Inc., 411 So.2d 511, (La.App. 1st Cir.1982), writ denied 413 So.2d 509 (La.1982); Southern Bell Telephone and Telegraph Co. v. Roy Cook & Sons, Inc., 218 So.2d 404 (La.App. 2nd Cir.1969) we find no fault with the trial court's evidently failing to find that Oubre agreed to accept the $500.00 as full payment.
We find that his failure to conclude that Oubre agreed to accept the $500.00 as payment in full is not manifestly erroneous since it is supported by Oubre's testimony as well as the lack of any written agreement in this regard. Thus, we find that this specification of error lacks merit.
Oubre has answered the appeal and asserts that he is entitled to 25% of the amount collected. Twenty-five percent is the stipulated attorney's fees on the promissory note. He argues that the 1985 amendment to L.S.A.-C.C. Article 2000 allows him recovery of 25%. L.S.A.-C.C. Article 2000[1] provides in pertinent part that "[i]f the parties, by written contract, have expressly agreed that the obligor shall also be liable for the obligee's attorney fees in a fixed or determinable amount, the obligee is entitled to that amount as well."
The seminal issue is the nature of the agreement between the parties. The trial judge apparently concluded that the initial agreement to accept the stipulated 25% in attorney's fees which was contained in the promissory note was "deviated" from. His conclusion is supported by the testimony of both Oubre and Laurent. We find no manifest error. See Canter, supra.
Since both Oubre and Laurent agree that Oubre was to be paid $500.00 in addition to receiving further business from the bank, this constitutes a second agreement. The second agreement is inconsistent with the earlier one. It is therefore controlling and supersedes the first. Prisock v. Boyd, 199 So.2d 373 (La.App. 2nd Cir.1967); Reed v. Verwoerdt, 490 So.2d 421 (La.App. 5th Cir.1986). Therefore L.S.A.-C.C. Art. 2000 is not controlling.
We note that Oubre has also prayed for attorney's fees for his counsel. However, he has not briefed the assertion that he is entitled to these fees as well. Uniform Rule 2-12.4 of the Court of Appeal provides in pertinent part that: "All specifications of error must be briefed. The court may consider as abandoned any specification or assignment of error which has *606 not been briefed." Thus, we consider that Oubre has abandoned this claim.
The final specification of error is that briefed by appellant, St. Charles. The bank contends that the trial judge erred in awarding Oubre $9,000.00 as a fee for his services.
We have previously considered the Code of Professional Responsibility, Disciplinary Rule 2-106(B) in order to determine the reasonableness of a fee. Almerico v. Katsanis, 458 So.2d 158, 159 (La.App. 5th Cir. 1984); Reed, supra. See also Fowler v. Jordan, 430 So.2d 711 (La.App. 2nd Cir. 1983); Singer Hutner Levine Seeman & Stuart v. Louisiana State Bar Association, 378 So.2d 423 (La.1979); Saucier v. Hayes Dairy Products, 373 So.2d 102 (La. 1978).
DR2-106(B) provides as follows:
[a] fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee.
Factors to be considered as guides in determining the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent.
In his reasons for judgment, the trial judge considered the factors listed above; however, he added the two additional factors of "the responsibility involved and fulfilled by the attorney" and "at no time should the fee be based on a percentage of the award." In addition, the trial judge failed to set forth the standard set forth in Disciplinary Rule DR2-106(B) that a "fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee."
Thus, the trial judge failed to completely apply DR2-106(B) to the facts. Although his findings regarding reasonableness are incomplete, in the interest of judicial economy and fairness we should examine the record to determine reasonableness. Reed, supra; Pharis & Pharis v. Rayner, 397 So.2d 1295 (La.1981) on remand 406 So.2d 723 (La.App. 3rd Cir.1981); Becnel v. Arnouville, 425 So.2d 972 (La.App. 5th Cir. 1983).
Laurent testified that St. Charles had tried to collect the note and that he himself had written some letters and had some conversations with the debtors. Since St. Charles was unsuccessful, Oubre was contacted and requested to institute proceedings to collect the note. After Oubre wrote a letter to the debtors payments were made on the note. Approximately one month after Laurent turned over the account to Oubre the note was paid on April 25, 1975.
Laurent testified that he had been using Oubre's services since 1966 or 1967. He further testified that "I made the statement to him at the time we agreed upon the $500.00 fee that I would do my best to give him some additional business whenever I could to help offset what he might have thought would have been additional funds, fees needed on this case, so I definitely, you know, the relationship was continuing."
Oubre also testified that he has practiced law since 1957 and that he was experienced in collection work. He further testified *607 that in his practice he was successful in getting the money due from the debtors.
The actual time expended by Oubre on the matter was three to four hours. Although appellant argues that the fee of $9,000.00 is excessive when viewed in terms of the actual time expended, the "time and labor required" is only one of the factors to be considered in determining reasonableness pursuant to DR2-106(B).
Attorney's fees set by the trial judge will not be modified unless there has been an abuse of discretion. D'Angelo v. Poche, 434 So.2d 120 (La.App. 5th Cir.1983), writ denied 435 So.2d 444 (La.1983). The trial judge concluded in his reasons for judgment that $500.00 was too low a fee and that 25% of the amount collected would be an excessive fee. We agree with these conclusions, however, we find that the record does not support the trial judge's award of a fee of $9,000.00. We therefore examine the record to determine reasonableness. See Reed, supra; Pharis. supra; Becnel, supra.
Although Oubre had experience in collections and in particular had performed services for St. Charles for approximately eight or nine years prior to the service at issue and the bank substantially benefited from his ability to successfully collect on the note one month after he was retained, he nonetheless only spent a total of three to four hours of work on a case which never went into litigation. Evidently the bank had a great deal of confidence in Oubre's ability to collect the funds since he was initially offered 25% of the amount collected. Upon careful consideration of the guidelines contained in DR2-106(B) and the relevant facts contained in the record, we find that a reasonable fee for Oubre under the circumstances would be $5,000.00.
Accordingly, for the reasons set forth we are amending the judgment to read IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, George T. Oubre and against the defendant, Bank of St. Charles and Trust Company, in the just and true sum of FIVE THOUSAND AND NO/100 ($5,000.00) DOLLARS, subject to a FIVE HUNDRED AND NO/100 ($500.00) DOLLAR credit, together with legal interest from date of judicial demand until paid, and for all costs of these proceedings. We affirm as amended. Appellant, St. Charles is to pay costs.
AFFIRMED AS AMENDED.
NOTES
[1] The legislature applied this act retrospectively and prospectively. See Section 2 of Acts 1985, No. 137, section 1.