527 So.2d 423 (1988)
Edward R. DRURY
v.
Michael S. FAWER and Rhonda C. Lustman.
No. CA-8710.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1988.
*424 Edward R. Drury, New Orleans, in pro per.
Gordon F. Wilson, Jr., Wilson, Spedale & Draper, Michael S. Fawer, Michael S. Fawer, P.L.C., New Orleans, for defendants/appellees.
Before SCHOTT, KLEES and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal by plaintiff Edward R. Drury from summary judgment granted in favor of defendants Michael S. Fawer and Rhonda C. Lustman dismissing plaintiff's legal malpractice action against defendants.
Plaintiff Drury, an attorney, was indicted by a federal grand jury on twenty-one counts of mail fraud and one count of conspiracy to commit mail fraud. The basis for the indictments was plaintiff's alleged defrauding of insurance companies and his own clients, specifically causing the insurance companies to pay inflated settlements based upon faked medical statements and causing his clients to pay for expenses that were not actually incurred. Plaintiff was represented at trial by defendants. He was acquitted of the conspiracy charge, but convicted on all counts of mail fraud. Plaintiff was represented by defendants on appeal to the United States Fifth Circuit Court of Appeals. Plaintiff's conviction was affirmed. Plaintiff then applied to the United States Supreme Court for a writ of certiorari, which was denied. Defendant represented himself at that time. He continued to represent himself when he applied for habeas corpus relief in the federal district court. The district court denied relief, which was affirmed by the United States Fifth Circuit. Part of the basis of plaintiff's application was a claim of ineffective assistance of counsel which was specifically rejected.
Plaintiff subsequently filed suit against defendants alleging legal malpractice. Defendants then filed a motion for summary judgment which was granted by the trial court. It is from this judgment that plaintiff now appeals, arguing that the trial court was in error in (1) ignoring the affidavit of another attorney submitted by plaintiff in support of his claim of malpractice, and (2) giving the judgments of the federal court res judicata effect. Simply stated, the basis of plaintiff's action is that defendants failed to: (1) present any argument at trial about Louisiana fiduciary law; (2) effectively present to the trial judge any evidence that mails were not used in the scheme; (3) object properly to the indictment, which was defective; (4) object to prejudicial remarks made by the judge during trial; and (5) file any post-trial motions.
Once a prima facie case of malpractice has been made by plaintiff, the burden of proof shifts to defendant and the attorney bears the burden of proving that the litigation would have been unsuccessful. Jenkins v. St. Paul Fire & Marine Insurance Company, 422 So.2d 1109 (La. 1982); Cabot, Cabot & Forbes Co. v. Brian, Simon, Peragine, Smith & Redfearn, 568 F.Supp. 371 (E.D.La.1983). Plaintiff argues that the affidavit of Patrick C. McGinity that was made part of the record is sufficient evidence to prove a prima facie case of legal malpractice so that summary judgment was precluded. But McGinity's affidavit is not sufficient to establish the requisite prima facie case, because it does not contain facts which establish negligence on defendant's part. The affidavit is no more than a statement by McGinity of what he found in the record and his legal opinions. These opinions are entitled to respect, but they are not binding on a court which is capable of forming and entitled to form its own legal opinions from a review of the record. These opinions are good arguments, but should not be considered as facts to be considered in a motion for summary judgment.
*425 With respect to the alleged absence of argument or briefing as to the Louisiana law of fiduciaries in the trial court the record does not support this assertion. Plaintiff appealed his conviction the United States Fifth Circuit Court of Appeals which affirmed his conviction. United States v. Drury, 687 F.2d 63 (5th Cir.1983). It is clear from the opinion that the Louisiana law of fiduciaries was considered by the district court and the Court of Appeals and was rejected by both courts. We fail to see how any additional argument or briefing on the subject in the trial court would have produced an acquittal.
We also find the lack of argument in the trial court about the supposed lack of proof of mailings between plaintiff and his clients did not prevent him from being acquitted. Plaintiff concedes there were mailings between himself and the insurance companies. He was acquitted of mail fraud against the companies, and he asserts that the judge would have acquitted him of mail fraud against his clients had the point been properly presented by defendants. It seems clear that there was sufficient evidence as a matter of law to convict him of the offense without specific proof of these mailings. The United States Court of Appeals concluded that the evidence was sufficient to prove fraud and the use of the mails in executing the scheme. 687 F.2d at 64. We note the court's remark that the use of the mails "was essentially undisputed" according to the trial judge and this may lend support to the assertion that defendants did not contest this point at the trial level.
We are not persuaded, however, that such efforts, if made, would have altered the case's outcome. The fraudulent scheme for which plaintiff was convicted was failure to disclose to his clients that he was getting kickbacks from a physician on the fees the physician was charging the clients. The scheme involved getting 100 percent of the physician fee from the insurance company of the tortfeasor, deducting this 100 percent from the remittance to the client, and in effect remitting only 85 percent to the physician. Plaintiff seems to stipulate there were mailings between him and the physician and between him and the companies, but he says he did not stipulate mailings between him and his clients and there was no proof of such. He argues that this was an essential element of the offense. He cites no authority for this position, and we know of none. If the evidence shows he used the mails throughout the handling of the case, but he called the client to his office to deliver the final settlement check and have the releases executed he certainly made "use of the mails in executing the scheme." We have no doubt that the trial judge would have reached the same conclusion upon hearing these arguments had they been made. Plaintiff would not have been acquitted, and the Court of Appeals would not have reversed the conviction had the arguments been made at every level.
As to the alleged intemperate remark of the trial judge, since this was a bench trial we cannot conceive of how objection or argument over this issue would have changed the outcome of the case.
Finally, plaintiff's assertion that there were no post trial motions filed in his behalf is inaccurate. Defendants filed a post trial motion for acquittal. Plaintiffs contend that more issues should have been raised and more motions made. Plaintiff has not suggested any specific motion which defendants should have made that would have led to an acquittal as a matter of law. He simply argues that defendants were derelict in failing to file a plethora of post trial motions because this would have led to his acquittal. He fails to raise any doubt that the trial judge would have changed his mind because of such motions.
Plaintiff has obviously gone over the record and transcript of this extensive litigation with a fine-tooth comb and has isolated points in which appellees were arguably deficient in the handling of his case. With the benefit of hindsight and a meticulous review of defendants' conduct he argues that some matters should have been handled differently and would have produced better results. Even if plaintiff is right this does not establish professional malpractice. Defendants were obligated to *426 perform with all reasonable diligence, but they cannot be faulted for not being perfect. Legal representation in the handling of litigation and a trial cannot be perfect. It is a series of challenges and problems requiring judgment calls at every juncture along the way. In this kind of activity mistakes are inevitable and perfection is impossible. The record shows that defendant's mistakes, if any, were made despite reasonable and prudent judgment, and did not necessarily cause appellant to lose his case in any event.
Furthermore, of the alleged incidences of malpractice about which plaintiff complains involve strategy decisions as to how an attorney should conduct a trial. They do not directly involve questions of guilt or innocence. It is clear from the record that any strategy decisions made in this matter would not have altered the outcome. Of course, this does not mean that certain ill-advised strategy decisions cannot be the basis for a malpractice proceeding, particularly when they would clearly result in damage or injury to the client. We note that our result may have been different had defendants clearly failed to follow a prescribed ethical mandate or had disregarded a procedural or jurisprudential rule.
Obviously the loss of a case does not necessarily mean that an attorney has committed malpractice; otherwise, malpractice would be committed in all trials. Although the courts have the obligation to ensure that everyone receives the type of competent and ethical representation that they are entitled, the courts should not allow the judicial process to be used vindictively in order to unfairly tarnish the reputation of attorneys who have acted properly and in accordance with their best judgment.
We would also note that the United States Fifth Circuit Court of Appeals rejected plaintiff's claim of ineffective assistance of counsel. Although this ruling is not binding upon this court, it certainly reinforces our decision in this case.
Based upon plaintiff's own admissions he has suffered no damages; it is clear that as a matter of law, he would have been convicted notwithstanding his allegations of malpractice. For these reasons, the ruling of the trial court granting summary judgment in favor of defendants is affirmed. All costs to be borne by plaintiff.
AFFIRMED.