590 So.2d 808 (1991)
Edward R. DRURY
v.
Michael S. FAWER.
Michael S. FAWER
v.
Edward R. DRURY.
Nos. 91-CA-0493, 91-CA-0494.
Court of Appeal of Louisiana, Fourth Circuit.
November 26, 1991.
Writ Denied February 7, 1992.
*809 Gordon F. Wilson, Jr., Friend, Wilson & Draper, New Orleans, for appellee.
Edward R. Drury, in pro. per.
Before LOBRANO and PLOTKIN, JJ., and BRYAN, J. Pro Tem.
LOBRANO, Judge.
Defendant, Edward Drury (Drury), appeals the trial court's judgment awarding attorney fees to Drury's attorney, Michael Fawer (Fawer). Fawer cross appeals, claiming the trial court erred in reducing his fees.

FACTS:
On July 10, 1981, Drury was indicted for violating a federal mail fraud statute, 18 U.S.C. 1341. The indictment charged Drury with one count of conspiracy and twenty-one counts of mail fraud.
Drury hired Fawer and Rhonda Lustman (Lustman) as his defense counsel. After a two day bench trial, Drury was found guilty on all twenty-one counts of mail fraud; he was found not guilty on the conspiracy charge. Drury's criminal prosecution, which is not germane to this appeal, is set forth in United States v. Drury, 687 F.2d 63 (5th Cir.1982), cert. den. 461 U.S. 943, 103 S.Ct. 2119, 77 L.Ed.2d 1300 (1983).
The pertinent fee arrangement between Fawer and Drury provided that Fawer would charge $150.00 per hour for his time, $2,000.00 per day for each day of trial and $85.00 per hour for Rhonda Lustman's time.[1] Drury paid an initial $25,023.60 retainer *810 which was credited against future billings.
On December 1, 1981, Fawer billed Drury $40,633.75 in legal fees. The itemized statement reflects 91½ hours of Fawer's time, 256 hours of Lustman's time, 12¼ hours of law clerk time and 38 hours of paralegal time. In addition, $517.50 in costs were expended. Deducting the retainer of $25,023.60, the balance owed was $16,127.65. Of this amount, Drury paid $5,000.00 in January, $3,000.00 in February and $2,000.00 in March, leaving a balance of $6,127.65.
Drury received a second bill in June of 1982. Legal fees incurred from December 1, 1981 through June 18, 1982 were $39,640.00. The itemized statement shows 76¾ hours of Fawer's time, 325½ hours of Lustman's time and 14½ hours of paralegal time. Costs incurred were $1,929.04. Because of the extensive time required in brief preparation, Fawer reduced the fees by $12,140.00. Including the $6,127.65 due from the December billing, the total fees and costs due were $35,556.69.
Drury refused to settle Fawer's bill until after the decision of the Fifth Circuit Court of Appeals. In addition, Drury did not want Fawer to handle the appellate argument. Fawer would not agree to these demands, and withdrew from the case.
On November 23, 1982, Drury filed a malpractice suit against Fawer and Lustman. On January 18, 1983, Fawer filed suit against Drury to collect $33,627.65 in attorney fees, plus costs of $1,929.04.
On June 4, 1987, a summary judgment was granted in favor of Fawer and Lustman, dismissing Drury's malpractice suit. The summary judgment was affirmed by this court in Drury v. Fawer, 527 So.2d 423 (La.App. 4th Cir.1988).
Trial on Fawer's attorney fees was held on April 16-18, 1990. Judgment was entered on May 1, 1990, granting Fawer $1,929.04 in costs, as requested, but reducing the outstanding attorney fee balance to $16,000.00. The net result of the judgment is that Fawer's total fee for representing Drury is $51,023.60, rather than the $68,133.75 which had been billed.
Drury filed a motion for a new trial. The motion was denied. Drury now takes this appeal, challenging the amount of the award; Fawer cross appeals, challenging the reduction of attorney fees.
Drury asserts that there is no credible evidence to substantiate the award of the additional $16,000.00; that the court erred in not finding, to a mathematical certainty, the amount, if any, owed; and the exclusion by the trial court of any evidence with respect to the quality of legal representation.
Fawer argues that the court erred in reducing his fees.[2]
The arguments of both parties raise the sole question of whether the trial court's judgment reducing the balance owed to $16,000.00 for a total legal fee of $51,732.67 is clearly wrong. We must determine if the fee charged is supported by the evidence and whether it is excessive.

AMOUNT OF THE AWARD:
There is no question that Fawer rendered services for which he is entitled to compensation.
Rule 1.5 of the Louisiana State Bar Association's Rules of Professional Conduct provides that "[a] lawyer's fee shall be reasonable." The Louisiana Supreme Court has held that "courts may inquire as to the reasonableness of the attorney fee as part of their prevailing, inherent authority to regulate the practice of law." City of Baton Rouge v. Stauffer Chemical Co., 500 So.2d 397, 401 (La.1987); see also Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982). However, as this court recently stated, "review of purportedly excessive attorney fees should be tempered with judicial restraint. The courts should not be in the business of setting fees." Gibson v. Burns, 505 So.2d 66, 69 (La.App. 4th Cir. *811 1987). Thus, we will uphold a reduction in attorney's fees which is predicated on a factual finding that the fees were never earned, but will refrain from altering the contractual relationship between an attorney and client in the absence of a showing that a fee charged was clearly excessive. Id. See also, Anderson, Hawsey & Rainach v. Clean Land Air Water Corp., 489 So.2d 928 (La.App. 5th Cir.), writ denied 492 So.2d 1221 (La.1986).
In this case, Drury does not assert that the hourly rate charged was excessive; instead, he asserts that the time billed was excessive. In essence, his argument is that the fees billed were never earned. Fawer on the other hand, argues that unless the total fee is "clearly excessive" the trial court should not have interfered with the contract between the parties.
Fawer has the burden of proving the amount of fees earned. He also must show that they are reasonable, i.e. not clearly excessive. Succession of Herrle, 517 So.2d 386 (La.App. 5th Cir.1987) writ denied 519 So.2d 129 (La.1988); Becnel v. Arnouville, 425 So.2d 972 (La.App. 5th Cir. 1983). After review of the record we are satisfied that Fawer did not carry the burden of proving his entitlement to all of the fees billed. This is a factual determination which hinges entirely on the trial court's credibility call as to the sufficiency of the time slips and billings offered into evidence, as well as the testimony of the attorneys who prepared them. In this respect, we cannot say the trial judge was clearly wrong.
In his reasons for judgment, the trial judge states that "the time slips submitted provide little aid in determining the work performed on a particular date and the testimony is just as vague and general." The court went on to find that "[t]he evidence shows that the time slips submitted in support of the claim for attorney fees contain errors; are not always complete and contain skimpy information at best; and many were actually reconstructed after the date the work was reportedly done." The court also notes that the time slips contained a double billing on September 30, 1981, and a billing for an unrelated case on April 12, 1982. The discrepancies noted by the trial court are evident in the time slips themselves. We therefore agree with the conclusion that, "[u]nder these circumstances it is very difficult for a client or the Court to determine and evaluate the precise work performed and a reasonable legal fee attributable to that work."
Determination of the value of legal services rendered falls particularly within the discretion of the trial court. Succession of Butler, 294 So.2d 512 (La.1974); Oppenheim v. Bouterie, 505 So.2d 100 (La. App. 4th Cir.1987); Simon v. Metoyer, 383 So.2d 1321 (La.App. 3rd Cir.1980), writ refused 389 So.2d 1338 (La.1980); Fiasconaro & Fiasconaro v. Orlando, 342 So.2d 1261 (La.App. 4th Cir.1977); Lynch v. Burglass, 286 So.2d 170 (La.App. 4th Cir.1973) (all reviewing awards of attorney's fees under the quantum meruit standard, which normally applies when an attorney has been discharged by a client prior to conclusion of a case); cf. Peiser v. Grand Isle, 224 La. 299, 69 So.2d 51 (La.1953); Massey v. Consumer's Ice Co. of Shreveport, Inc., 223 La. 731, 66 So.2d 789 (La. 1953); Succession of Richards, 49 La.Ann. 1115, 22 So. 317 (La.1897) (all affording the trial court great discretion in determining the value of legal services, where the services were rendered in a case tried before that particular trial court).
We hold that the court acted well within its discretion in determining that, under the circumstances, the total legal fees billed were not proved, and a reduction is warranted.
Having determined that, as a factual matter, a reduction in attorney's fees was justified, we now determine whether the trial court abused its great discretion in determining the amount of fees due.
Both Fawer and Drury allege that the trial court committed numerous errors in determining the amount of the award. These attacks are essentially directed at the apparently subjective manner in which the award was determined. Specifically *812 Drury refers to the trial judge's comments made during the motion for new trial wherein he stated that the award was made "by judicial discretion, which comes down to a gut reaction after reviewing all the evidence and listening to the testimony." In support of this reasoning, the Court concluded that its determination was necessitated by the inadequacy of the times slips which made it "very difficult for ... the Court to determine and evaluate the precise work performed and a reasonable legal fee attributable to that work."
Utilizing the time records submitted by Fawer, we initially note that there is an overcharge for the December 1981 and June 1982 billing in the total amount of $6,823.75.[3] Thus, the discretionary reduction by the trial judge actually amounts to $10,803.90.[4] Considering the evidence in view of the eight factors listed in Rule 1.5(a) of the Rules of Professional Conduct we cannot say the court erred.
Factor (1) requires consideration of "[t]he time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly." A great deal of time and effort is generally required to bring a criminal case through trial and to the brink of appellate argument. It is undisputed that Fawer's representation of Drury required research into unique federal criminal issues. A number of drafts of briefs have been offered documenting Fawer and Lustman's efforts to present the issues in the light most favorable to their client. Fawer represented Drury at his two day criminal trial. Following Drury's conviction, Lustman wrote Drury's appellate brief, and later, a reply to the government's appellate brief. In addition, the case required the drafting and filing of a number of motions, as well as a significant amount of correspondence.
Factor (2) requires consideration of "[t]he likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer." The time slips indicate, and Fawer testified, that he and Lustman were spending substantially all of their time on Drury's case during its most active periods. There seems to be little doubt that Drury was, or should have been, aware of the large amount of time being spent on his case. There is testimony that Drury, who was a practicing attorney at the time, personally participated in the preparation of his case. Regardless of Drury's actual involvement, his status as an attorney should have put him on notice as to the number of hours being put into his case.
Factor (3) requires consideration of "[t]he fee customarily charged in the locality for similar legal services." No evidence was presented as to the fees customarily charged in the New Orleans area for representation of a white collar criminal defendant.
Factor (4) requires consideration of "[t]he amount involved and the results obtained." This case involved the guilt or innocence of an attorney whose personal freedom and professional status were at stake. Though a monetary value cannot readily be placed on such intangibles, Drury's willingness to pay a $25,000.00 retainer, and, later, an additional $10,000.00 indicates that the outcome was very valuable to him. Although the results obtained were not favorable to Drury, this is irrelevant where the competency of Fawer and Lustman has been upheld by appellate courts in both criminal and civil contexts. *813 Drury's claim of ineffective assistance of counsel was rejected by the federal district court and the United States Fifth Circuit. This court affirmed a summary judgment dismissing Drury's malpractice action in Drury v. Fawer, supra.
Factor (5) requires consideration of "[t]ime limitations imposed by the client or by the circumstances." Drury apparently made no attempt to impose time limitations on Fawer. There is testimony to the effect that Drury never complained about the amount of time being spent on his case until just prior to oral argument.
Factor (6) requires consideration of "[t]he nature and length of the professional relationship with the client." Drury apparently had no prior attorney-client relationship with Fawer, but his status as an attorney certainly should have put him on notice, as mentioned above, as to the amount of time being put into his case.
Factor (7) requires consideration of "[t]he experience, reputation and ability of the lawyer or lawyers performing the services." There is testimony to the effect that Fawer and Lustman had been criminal attorneys for approximately twenty and ten years, respectively, at the time they represented Drury.
Finally, factor (8) requires consideration of "[w]hether the fee is fixed or contingent." This factor has little importance here, where the fee was fixed at an undisputedly reasonable hourly rate.
We cannot say that the total fee awarded of approximately $51,000.00, is either excessive or unreasonable under the circumstances of this case. Nor do we find any abuse of discretion in the trial court's reduction of the amount billed.
Finally, Drury complains that the trial judge erred in excluding evidence of the quality of Fawer's work. The court's ruling was correct. That issue was resolved in the malpractice suit.
Fawer filed a motion for sanctions against Drury pursuant to Uniform Rules 2-12.4 and 2-12.13. Specifically he asserts that Drury's brief is insulting, abusive and discourteous, that it attacks the personal integrity and honesty of both he and Lustman, as well as the trial judge, and that it should be stricken.
We have carefully reviewed Drury's brief and conclude that, at least in some instances, a better choice of words would have been appropriate. It is obvious that this litigation has been bitterly disputed and no doubt will continue in that posture at least until the judgment becomes final. However, we cannot say that it warrants any specific sanction other than this court's admonishment. The parties are assured that our reading of Drury's brief has been tempered with the knowledge that the matter is, and has been, bitterly disputed.
For the foregoing reasons, the judgment is affirmed. Both parties are to share the costs of this appeal.
AFFIRMED.
NOTES
[1] This arrangement also provided for $30.00 per hour for law clerk time, $20.00 per hour for paralegal time, and all out of pocket expenses.
[2] Fawer also filed a motion for sanctions against Drury for offensive language in his brief. We address this motion at the conclusion of this opinion.
[3] The time records show that from July 1981 through June 1982 Fawer's hours totalled 187.25. There are a total of 25.25 hours shown which have no entry. Deducting those "no entry" hours, Fawer should have billed a total of 162 hours. He actually billed 168.25, resulting in an overcharge of $937.50. (6.25 X $150.00).

Lustman's hours totalled 579. There are a total of 57 "no entry" hours, plus 7.5 hours worked on a continuance for Fawer's benefit. Deducting those hours, Lustman should have billed 514.5 hours. She actually billed 583.75, resulting in an overcharge of $5,886.25 (69.25 X $85.00). Thus, the total overcharge amounts to $6,823.75.
[4] The balance owed was $33,627.65. The court awarded $16,000.00, a reduction of $17,627.65. There are $6,823.75 worth of "no entry" hours. Thus the trial court's discretionary reduction is actually $10,803.90.