# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 16, 2010

Lyle W. Cayce
Clerk

No. 09-30846

CRESCENT CITY REDEVELOPMENT ASSOCIATION;
WILLIAM ALDEN,

Plaintiffs-Appellants,

v.

USAA CASUALTY INSURANCE COMPANY,

Defendant-Appellee.

--------------------------------------

WILLIAM W. ALDEN,

Plaintiff-Appellant,

v.

USAA CASUALTY INSURANCE COMPANY,

Defendant-Appellee.

-----------------------------------------

ASHLEY ALDEN, wife of/and; WILLIAM W. ALDEN,

Plaintiffs-Appellants,

v.

USAA CASUALTY INSURANCE COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
Eastern District of Louisiana
USDC Nos. 2:06-CV-11420, 2:06-CV-11422,
2:06-CV-11424, 2:06-CV-11426, 2:07-CV-274

No. 09-30846

Before DEMOSS, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Appellants appeal from: (1) the district court's grant of judgment as a matter of law on their lost-rents claims; (2) the district court's denial of their posttrial Rule 59 motions on their lost-rents claims; (3) the district court's denial of their bad-faith penalty claims ancillary to their lost-rents claims; (4) the jury's verdict for USAA on a separate bad-faith penalty claim, this one relating to USAA's delay in paying their insurance claims on one of their investment properties; and (5) the district court's taxing of costs against them.

We affirm the judgment of the district court for the following reasons: the Court does not endorse portions of the language and rationale voiced by the district court in its assessment of the evidence on the lost-rent claims. That said, after reviewing de novo the evidence proffered by Plaintiffs to support their lost-rents claims (even when viewed in the light most favorable to them), we conclude that the evidence of damages was legally insufficient to support their claim. Accordingly, the district court did not err in granting judgment as a matter of law on the lost-rents claims.[1] Second, because we find no reversible

_____

[*] Pursuant to 5th Circuit Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Local Rule 47.5.4.

[1] The district court's denial of Plaintiffs' posttrial Rule 59 motions related to lost rents need not be separately reviewed. This Court's review of a denial of a motion for new trial is "quite limited." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999). Typically, to the extent a motion for new trial merely attacks the underlying judgment, the Court treats an appeal from the denial of a motion for new trial as an appeal from the adverse judgment itself. *Osterberger v. Relocation Realty Serv. Corp.*, 921 F.2d 72, 73 (5th Cir. 1991); *see also* 11 WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 2818, at 192–93 (2d ed. 1995). Similarly, this Court has "specifically treated appeals of [Rule 59(e) motions to amend the judgment] as appeals of the underlying judgment when the intent to do so was clear." *In re Blast Energy Servs.,*

No. 09-30846

error in the district court's grant of judgment as a matter of law on lost rents, it was not error to dismiss the ancillary bad-faith penalty claims predicated on the lost-rents claims. Third, because the evidence was legally sufficient to support the jury's verdict rejecting Plaintiffs' bad-faith penalty claim for USAA's delay in paying damages with respect to the Breedlove Street property, we affirm the jury's verdict. *See Travelers Cas. and Sur. Co. of Am. v. Ernst & Young LLP*, 542 F.3d 475, 481–82 (5th Cir. 2008) (quoting *Foradori v. Harris*, 523 F.3d 477, 485 (5th Cir. 2008)). Fourth, and finally, the district court did not err in taxing costs against Plaintiffs inasmuch as the Defendant was the "prevailing party." *See* FED. R. CIV. P. 54(d)(1).

AFFIRMED.

---

*Inc.*, 593 F.3d 418, 424 n.3 (5th Cir. 2010) (citing *Fletcher v. Apfel*, 210 F.3d 510, 512 (5th Cir. 2000); *Trust Co. Bank v. U.S. Gypsum Co.*, 950 F.2d 1144, 1148 (5th Cir. 1992)).