TERRI F. LOVE, Judge.
hDr. and Mrs. Wesley Alden and Crescent City Property Redevelopment Association, LLC, a limited liability company owned by Dr. Alden (collectively, “the Al-dens”), filed a legal malpractice suit in the Civil District Court of Orleans Parish against Attorney Ford T. Hardy, Jr., (“Attorney Hardy”), alleging his negligent legal representation caused a federal jury in the United States District Court for the Eastern District of Louisiana to render judgment in favor of USAA. The jury’s judgment was subsequently affirmed by the United States Fifth Circuit Court of Appeals.
Attorney Hardy filed a motion for summary judgment, alleging that after significant time for discovery had lapsed, no discovery had been conducted by Plaintiffs and that no witness or evidence had been presented to carry Plaintiffs’ burden of establishing that he breached any duty owed to them. After finding no genuine issue of material fact, the trial court granted the motion for summary judgment.
*1272 The Aldens subsequently filed a motion for rehearing on one issue regarding Attorney Hardy’s motion for summary judgment, which was denied by the trial court.
laAfter conducting a de novo review of the record in light of the applicable law and arguments, we conclude the trial court did not commit error in granting summary judgment in favor of Attorney Hardy.
FACTS AND PROCEDURAL HISTORY
Appellee Hardy was retained by the Al-dens for Katrina-related claims against them property insurer, USAA Casualty Insurance Company. Upon the request of the Aldens, Attorney Hardy engaged Attorney Jack M. Alltmont to serve as co-counsel. Mr. Alltmont is an experienced attorney admitted to practice since 1970, and he has been the managing partner of his law firm for twenty (20) years. After a four-day trial in the United States District Court for the Eastern District of Louisiana, the jury rendered judgment in favor of USAA and dismissed the Aldens’ case. The judgment was subsequently affirmed by the United States Fifth Circuit Court of Appeals. This Court notes the record is void of any transcripts or any other documents related to the federal court trial.
On October 7, 2009, the Aldens filed a legal malpractice lawsuit against Attorney Hardy, alleging that his negligent representation resulted in the unfavorable judgment and the dismissal of their case. Attorney Hardy filed an exception of vagueness to the petition, which was denied. He later filed a motion for summary judgment, asserting the Aldens did not support any of their negligence claims. He also contended the Aldens failed to produce an expert to establish the applicable standard of care and to establish that Attorney Hardy’s conduct fell below the applicable standard of care. The trial court granted the motion for summary judgment. The Aldens filed a motion for a rehearing on one summary judgment issue, which the trial court denied.
[sThe Aldens now appeal the trial court’s granting of Attorney Hardy’s motion for summary judgment. They are not, however, appealing the trial court’s denial of the rehearing motion.
ASSIGNMENTS OF ERROR
1. The Aldens assert the trial court erred by granting Appellee Hardy’s motion for summary judgment, dismissing their case, after finding that they failed to engage a legal malpractice expert on the issue of alleged malpractice committed by Attorney Hardy by engaging a public adjusting expert who allegedly developed a large financial interest in the litigation;
2. The Aldens assert the trial court erred by granting Appellee Hardy’s motion for summary judgment, dismissing their case, after finding that they did not engage a legal malpractice expert on the issue of Attorney Hardy’s purported failure to object to allegedly inadmissible and unauthenticated photographs used for the impeachment of Dr. Alden.
LAW AND DISCUSSION

Standard of Review

In Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, 99-2257, p. 7 (La.2/29/00), 755 So.2d 226, 230-281, the Louisiana Supreme Court discussed the standard of review of a summary judgment as follows:
Our review of a grant or denial of a motion for summary judgment is de novo. Schroeder v. Board of Sup’rs of Louisiana State University, 591 So.2d *1273 342 (La.1991). A motion for summary-judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). This article was | ¿amended in 1996 to provide that “summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action.... The procedure is favored and shall be construed to accomplish these ends.” La. C.C.P. art. 966(A)(2). In 1997, the article was further amended to specifically alter the burden of proof in summary judgment proceedings as follows:
“The burden of proof remains with the movant. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” La. C.C.P. art. 966(C)(2).
See also Austin v. Abney Mills, Inc., 2001-1598 (La.9/04/02), 824 So.2d 1137; Randall v. Chalmette Medical Center, Inc., 2001-0871 (La.App. 4 Cir. 5/22/02), 819 So.2d 1129; Pierre-Ancar v. Browne-McHardy Clinic, 2000-2409, 2000-2410 (La.App. 4 Cir. 1/16/02), 807 So.2d 344, writ denied, 2002-0509 (La.4/26/02), 814 So.2d 558.
A moving party who does not bear the burden of proof at trial must point out an absence of factual support for one or more elements essential to the adverse party’s claim. La.Code Civ. Proc. art. 966(C)(2). If the non-moving party fails to produce contrary factual support sufficient to establish it will be able to satisfy the eviden-tiary burden of proof at trial, there is no genuine issue of material fact. Id. Whether a particular fact in dispute is “material” for summary judgment purposes is viewed in light of the substantive law applicable to the case. Richard v. Hall, 03-1488, p. 5 (La.4/23/04), 874 So.2d 131, 137.

Establishing Legal Malpractice Claim

In order to establish a claim for legal malpractice, a plaintiff must prove: 1) the existence of an attorney-client relationship; 2) negligent representation by the attorney; and 3) loss caused by that negligence.
IfiThe plaintiff has the burden of proving the defendant failed to “exercise at least that degree of care, skill, and diligence which is exercised by prudent practicing attorneys in his locality.” Typically, a plaintiff will retain an expert witness both to establish the standard of care for prudent attorneys in the relevant locality and to show the defendant’s actions fell below the standard of care. MB Industries, LLC v. CNA Ins. Co., 2011-0303, p. 15 (La.10/25/11), 74 So.3d 1173, 1184 (Citations omitted).
Once a prima facie case of malpractice has been made by plaintiff, the burden of proof shifts to defendant and the attorney bears the burden of proving that the litigation would have been unsuccessful. Drury v. Fawer, 527 So.2d 423, 424 (La.App. 4th Cir.1988), citing Jenkins v. St. Paul Fire & Marine Insurance Company, 422 So.2d 1109 (La.1982); Cabot, Cabot & Forbes Co. v. Brian, Simon, Peragine, Smith & Redfearn, 568 F.Supp. 371 (E.D.La.1983).
The Louisiana Supreme Court recently opined that expert testimony is not necessary when the alleged legal malpractice is “obvious” or the defendant attorney committed “gross error.” MB Industries, supra, p. 16, 74 So.3d at 1184-1185. The Court acknowledged that the obviousness of an attorney’s malpractice could be the subject of judicial notice. Id.
*1274 In the case at bar, it is undisputed that an attorney-client relationship existed between Attorney Hardy and the Aldens. The establishment of a legal malpractice claim requires not only an attorney-client representation, but also a showing of negligent representation by the attorney. The Aldens did not introduce any competent expert witness testimony or affidavits; therefore, summary judgment for Attorney Hardy is proper unless the undisputed facts establish malpractice which |fiwas so obvious that a lay person would recognize it as falling below the necessary standard of care.

Alleged Negligent Engagement of the Public Adjuster

The Aldens argue that Attorney Hardy impaired their case by engaging Cynthia Montgomery as the Plaintiffs’ public adjusting expert. They specifically assert that it was the impeachment of Ms. Montgomery’s testimony regarding her fees that resulted in the loss of their case.
The Aldens have provided only eoncluso-ry statements to make their allegation that Attorney Hardy’s engagement of Ms. Montgomery resulted in the loss of them case. The record is void of any evidence or expert testimony which supports their contention. Such conclusory statements are not sufficient to establish the requisite prima facie ease because they do not contain facts which establish negligence on Attorney Hardy’s part. These statements are merely the opinions of a non-prevailing party at the conclusion of litigation.
We do not find the trial court erred by not relying upon the lay opinions of the Aldens to form its legal opinion after hearing oral arguments and reviewing the limited record on the motion for summary judgment.[1]

Alleged Failure to Discredit Photographs and the Testimong of Van Fisher

The Aldens also contend that Attorney Hardy failed to attack the credibility of the photographs introduced as impeachment evidence by USAA, and that he failed to challenge the credibility of Van Fisher, USAA’s expert witness who provided the photographs.
|7The deposition testimony of Attorney Jack Alltmont, Attorney Hardy’s co-counsel, acknowledged that Fisher did a good job testifying for USAA. Attorney Allt-mont called Fisher “an excellent witness” for USAA. Contrary to the Aldens’ allegations, Attorney Alltmont unequivocally stated that he had no reason to believe there was any failure on Attorney Hardy’s part to do discovery which resulted in the loss of the Aldens’ case.
The record is void of any testimony or evidence that shows the trial court erred by granting Attorney Hardy’s motion for summary judgment.

Non-obvious Negligence

’ The assignments of error presented by the Aldens involve trial strategy and the performance of Attorney Hardy. To determine the standard of care and possible deviations from the standard, an evaluation of Attorney Hardy’s trial tactics should be done by legal experts — not by laymen or judges. We conclude the alleged legal malpractice was not obvious, and as such, it was necessary to present expert testimony to oppose the testimony of Attorney Jack Alltmont.
“An attorney is obligated to exercise at least that degree of care, skill, and diligence which is exercised by prudent practicing attorneys in his locality. He is not required to exercise perfect judgment *1275 in every instance. However, the attorney’s license to practice and his contract for employment hold out to the client that he possesses certain minimal skills, knowledge, and abilities.” Ramp v. St. Paul Fire and Marine Ins. Co., 263 La. 774, 269 So.2d 239, 244 (1972). The Ramp court, in dicta, indicated that it would find legal malpractice in the absence of expert testimony when an attorney ignores an “obvious” legal problem. Id., 269 So.2d at 244.
|sIn the case at bar, the record is devoid of any testimony that would indicate that the actions of Attorney Hardy were below the standard of professional conduct or that there was an obvious legal problem. The Aldens make only conclusory statements in their response to Attorney Hardy’s motion for summary judgment. According to the uncontradieted testimony of Attorney Alltmont, Attorney Hardy’s conduct did not fall below the standard of care and Attorney Hardy was not the cause of the unfavorable judgment rendered by the jury. The jury merely exercised its right to render a judgment in favor of USAA, with said judgment being upheld by the United States Fifth Circuit Court of Appeals. See Crescent City Redevelopment Assoc. v. USAA Cas. Ins. Co., 409 Fed. Appx. 723 (5th Cir.2010).
The Aldens have failed to prove how their allegations of negligence resulted in the outcome of their case. The claims levied by the Aldens are the types of allegations that require expert testimony to establish whether Attorney Hardy’s actions were within the standard of care for a reasonably competent attorney in the New Orleans area.
This Court has held that attorneys are “obligated to perform with all reasonable diligence, but they cannot be faulted for not being perfect. Legal representation in the handling of litigation and a trial cannot be perfect. It is a series of challenges and problems requiring judgment calls at every juncture along the way. In this kind of activity mistakes are inevitable and perfection is impossible.” Drury v. Fawer, 527 So.2d 423, 425-426 (La.App. 4th Cir. 1988).
InDECREE
After conducting a de novo review of the record in light of the applicable law and arguments, we conclude the trial court did not commit error in granting summary judgment in favor of Attorney Ford T. Hardy, Jr.
AFFIRMED

. We reiterate the record is void of any testimonial or documentary evidence from the original trial in the United States District Court for the Eastern District of Louisiana.