505 So.2d 908 (1987)
Daryle L. DEAN, Plaintiff-Appellant,
v.
TENSAS PARISH SCHOOL BOARD, et al., Defendants-Appellees.
No. 18590-CA.
Court of Appeal of Louisiana, Second Circuit.
April 1, 1987.
Rehearing Denied April 30, 1987.
Writ Denied July 1, 1987.
*909 Lloyd F. Love, Ferriday, for plaintiff-appellant.
McLeod, Swearingen, Verlander, Dollar, Price & Noah by David E. Verlander, III, Monroe, for defendants-appellees.
Before MARVIN, FRED W. JONES, Jr. and SEXTON, JJ.
SEXTON, Judge.
Plaintiff-appellant, Daryle L. Dean, appeals a trial court judgment sustaining the defendants' exception of prescription to his suit for reinstatement to his former position of school supervisor, and for damages and attorney's fees. In addition to the Tensas Parish School Board, the defendants are its members in their official capacity and the past and present superintendents of schools. We amend in part and as amended, affirm.
Appellant, Daryle Dean, was formerly employed by the Tensas Parish School Board. He was serving as a non-tenured supervisor of instruction, child welfare and attendance, vocational education and maintenance and transportation for the school years of 1980-81 and 1981-82. On June 17, 1982, appellant received verbal notification by the defendant, Lanny Johnson, who was then the superintendent of schools for Tensas Parish, that he intended to recommend to the Tensas Parish School Board that Dean be transferred from his position as a supervisor to the position of classroom teacher.
On June 21, 1982, the Tensas Parish School Board met in a special meeting and approved the request of the superintendent to transfer Dean to a position as classroom teacher. On June 28, 1982, Dean received a letter of notification from the defendant, Lanny Johnson, officially advising him that the School Board was transferring Dean to a position as a classroom teacher. The letter stated its reasons for the transfer.
Appellant filed suit in the United States District Court for the Western District of Louisiana on June 16, 1983, seeking reinstatement to his former position as a school supervisor and damages and attorney's fees. Service of process was made on the defendants on June 24, 1983. This federal complaint was dismissed for lack of jurisdiction on May 29, 1985.
On July 11, 1985, appellant filed this suit seeking reinstatement to his former position of school supervisor and damages and attorney's fees in the Sixth Judicial District Court. The defendants filed peremptory exceptions of prescription and no cause of action on August 1, 1985. The trial court granted the exception of prescription and concluded in its reasons for judgment that: "Defendants in this matter were served on June 24, 1983, over one year from the alleged injury on June 21, 1982. Therefore, plaintiff's suit has prescribed."
Mr. Dean's petition makes basically two separate allegations. He contends that he is entitled to reinstatement because the *910 procedures of state law, specifically LSA-R.S. 17:391.5 and LSA-R.S. 17:442, have not been followed. He also asserts that the judgments and orders of the United States District Court with respect to the Tensas Parish School Board have been violated.[1] Finally, he contends that he is entitled to damages in the vicinity of $340,000 as a result of the inappropriate actions of the school board.
Initially, we observe that the trial court correctly disposed of the action for damages and any aspects of the action complaining of a violation of federal rights on the basis of prescription of one year. LSA-C.C. Art. 3492 provides a prescriptive period of one year for delictual actions brought under LSA-C.C. Art. 2315, the general tort article.[2] However, appellant argues that even if a one year prescriptive period does apply, prescription did not begin to run until June 28, 1982, the date that the appellant received written notification of his demotion. Appellant contends further that although he initially filed suit in a federal court of improper jurisdiction, the service of process on the defendants on June 24, 1983, interrupted prescription as provided in LSA-C.C. Art. 3462.[3]
We suffer some difficulty in evaluating plaintiff's contention in this respect because the federal court has itself determined that it was a court of improper jurisdiction. Therefore, the service made thereon June 24, 1983 was over one year past June 21, 1983, the anniversary date of the offending action. Plaintiff's suit for damages is clearly delictual and thus governed by the date of the alleged offending conduct. LSA-C.C. Art. 3492. The date of the receipt of the notice on June 28, 1983, has no effect.
Additionally, the aspects of plaintiff's petition complaining of the state violation of federal constitutional rights are considered to be allegations of tortious conduct which are governed by the one year prescription of Art. 3462. Jones v. Orleans Parish School Board, 688 F.2d 342 (5th Cir.1982).
Therefore, appellant's contention that the relationship between an employer and employee is contractual and thus governed by the ten year prescriptive period of LSA-C.C. Art. 3499 is of no assistance with respect to his allegations seeking damages and complaining of a breach of federal constitutional rights.
We thus proceed to appellant's contentions asserting that the school board action was a violation of state procedural statutes. Appellant's initial citation of LSA-R.S. 17:391.5 is misplaced and does not assist him. That statute clearly deals with certified, or tenured teachers.[4]
*911 Appellant's remaining allegations complain of the school board's violation of the provisions of LSA-R.S. 17:442. This article states:
§ 442. Probation and tenure of parish or city school teachers
Each teacher shall serve a probationary term of three years to be reckoned from the date of his first appointment in the parish or city in which the teacher is serving his probation. During the probationary term the parish or city school board, as the case may be, may dismiss or discharge any probationary teacher upon the written recommendation of the parish or city superintendent of schools, as the case may be, accompanied by valid reasons therefor.

Any teacher found unsatisfactory by the parish or city school board, as the case may be, at the expiration of the said probationary term, shall be notified in writing by the board that he has been discharged or dismissed; in the absence of such notification, such probationary teacher shall automatically become a regular and permanent teacher in the employ of the school board of the parish or city, as the case, may be, in which he has successfully served his three year probationary term; all teachers in the employ of any parish or city school board as of July 31, 1946 who hold proper certificates and who have served satisfactorily as teachers in that parish or city for more than three consecutive years, are declared to be regular and permanent teachers in the employ of the school board of that parish or city.
[Emphasis ours.]
Before considering appellant's substantive contentions concerning this article, we note that appellant has sought to supplement the record herein by moving to include the letter from the superintendent indicating his demotion.[5]
We deny appellant's motion. Where pled prior to answer, the exception of prescription is to be tried and disposed of by the trial court. LSA-C.C.P. Arts. 927 and 929. That trial has already been held below.[6] Of course, it is from the result of the hearing on the exception that plaintiff lodges this appeal. Moreover, we do not discern that appellant's letter bears on a resolution of the issue of prescription. Of course, no evidence is admissible with respect to the exception of no cause of action, also filed in the trial court. LSA-C.C.P. Art. 931.
In considering appellant's contentions re LSA-R.S. 17:442, we reject his assertion that the letter he received is of no moment because it was sent by the superintendent rather than the school board. We do so out-of-hand and without consideration of the letter because, in the context of this cause, we consider the notice from the superintendent to be tantamount to notice from the board. We thus proceed to a substantive evaluation of appellant's allegations considering the statute at issue, 17:442, with the view that the letter was an action of the board as contemplated by that statute.
While we are inclined to agree with the trial court that the appropriate prescriptive period is one year as provided by LSA-C.C. Art. 3492, that result is less than clear in the law. LSA-R.S. 17:442 does indeed establish the procedure with respect to a determination by the school system not to confirm a probationary teacher in the teaching position at issue. The following section, 17:443 does provide a prescriptive period. However, this period clearly applies only to judicial review of school board action dismissing a tenured teacher.[7] This *912 period is set at one year. It seems unlikely that the legislature intended to provide a longer periodthat is to grant a higher rightto a probationary teacher than that allowed a tenured teacher. Thus, the plaintiff's assertions regarding 17:442 seem prescribed on that basis. However, since there is no specific provision as to a probationary teacher, and plaintiff's allegations do, in a sense, involve his contract as a probationary teacher, the ten year contractual prescription of C.C. Art. 3499 is arguably applicable.
Rather than address the complexities perhaps presented by this ambiguity, we determine to dismiss those portions of plaintiff's petition complaining of violation of the state teacher tenure procedure on the basis that plaintiff's allegations do not present a cause upon which relief can be granted, even if proven.
In Castille v. Evangeline Parish School Board, 304 So.2d 701 (La.App. 3rd Cir. 1974), writ denied 309 So.2d 342 (La.1975), the court held:
There is no requirement in R.S. 17:442 for notice to a probationary teacher of the superintendent's reasons for recommending dismissal. Nor is there a requirement that such a teacher be given a hearing or an opportunity to rebut the charges. Hence, none were necessary.
Thus, while "valid reasons" must accompany the written recommendation of the parish superintendent to the board and they must actually exist, there is no requirement that a non-tenured teacher receive written notification thereof.
The Third Circuit later observed that probationary teachers do not have a constitutionally protected liberty and property interest in the renewal of their contracts and their discharge does not involve substantive due process. Thus, the question of whether the action was arbitrary and capricious need not be reviewed. Hayward v. Rapides Parish School Board, 374 So.2d 1281 (La.App. 3rd Cir.1979); writ denied 376 So.2d 1267 (La.1979); Foreman v. Vermilion Parish School Board, 353 So.2d 471 (La.App. 3rd Cir.1978), writ denied 355 So.2d 257 (La.1978).
In this case, the plaintiff received written notice shortly after the action of the board *913 and reasons were attached. Thus, the board has comported with the statute and plaintiff's petition does not present a cause upon which relief can be granted.
In summary, for the reasons aforesaid, we affirm the decision of the trial court sustaining an exception of prescription with respect to plaintiff's allegations seeking damages and complaining of a violation of federally protected constitutional rights. With respect to the other allegations in the petition, we determine that plaintiff's allegations do not present a cause of action and we therefore sustain that exception with respect to those allegations.
We therefore affirm in part the trial court decision sustaining the exception of prescription, and we amend to further sustain an exception of no cause of action.
AMENDED IN PART AND AS AMENDED, AFFIRMED.
NOTES
[1] The allegations as to the disregard of orders of the federal court are not further delineated. We assume they have to do with a desegregation decree.
[2] LSA-C.C. Art. 3492 reads as follows:

Art. 3492. Delictual actions
Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.
[3] LSA-C.C. Art. 3462 reads as follows:

Art. 3462. Interruption by filing of suit or by service of process
Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
[4] This article is approximately two and a half pages in length and we therefore will not quote it in its entirety. Its title is "School personnel assessment and evaluation." We quote paragraph A thereof which clearly points out that the article deals only with certified personnel and thus has no application to this appellant.

A. The state Department of Education shall develop a set of guidelines for assessment and evaluation of the performance of certified teachers, administrators, and other professional school personnel in the state for adoption by each school board. The guidelines shall be reviewed by the Joint Legislative Committee on Education of the Louisiana Legislature. Such guidelines shall be submitted by the superintendent of education to the local school boards no later than June 1, 1978, and shall include but not be limited to the following:
....
[5] This motion was at the conclusion of the plaintiff-appellant's response to a previous defense motion to supplement the record with the federal court opinion sustaining the school board's exception filed there. The appellant's response indicated no opposition to that filing and we have previously granted that motion.
[6] Of course, the exception of prescription may be pled in the Court of Appeal for the first time and we may remand for trial thereof in our discretion. LSA-C.C.P. Art. 2163. However, such is not the situation in the instant case.
[7] LSA-R.S. 17:443 reads as follows:

§ 443. Removal of teachers; procedure; right to appeal
A. A permanent teacher shall not be removed from office except upon written and signed charges of willful neglect of duty, or incompetency or dishonesty, or of being a member of or contributing to any group, organization, movement or corporation that is by law or injunction prohibited from operating in the state of Louisiana, and then only if found guilty after a hearing by the school board of the parish or city, as the case may be, which hearing may be private or public, at the option of the teacher. At least twenty days in advance of the date of the hearing, the superintendent with approval of the school board shall furnish the teacher with a copy of the written charges. Such statement of charges shall include a complete and detailed list of the specific reasons for such charges and shall include but not be limited to the following: date and place of alleged offense or offenses, names of individuals involved in or witnessing such offense or offenses, names of witnesses called or to be called to testify against the teacher at said hearing, and whether or not any such charges previously have been brought against the teacher. The teacher shall have the right to appear before the board with witnesses in his behalf and with counsel of his selection, all of whom shall be heard by the board at said hearing. For the purpose of conducting hearings hereunder the board shall have the power to issue subpoenas to compel the attendance of all witnesses on behalf of the teacher. Nothing herein contained shall impair the right of appeal to a court of competent jurisdiction.
B. If a permanent teacher is found guilty by a school board, after due and legal hearing as provided herein, on charges of willful neglect of duty, or of incompetency, or dishonesty, or of being a member of or contributing to any group, organization, movement or corporation that is by law or injunction prohibited from operating in the state of Louisiana, and ordered removed from office, or disciplined by the board, the superintendent with approval of the board shall furnish to the teacher a written statement of recommendation of removal or discipline, which shall include but not be limited to the exact reason(s), offense(s) or instance(s) upon which the recommendation is based. Such teacher may, not more than one year from the date of the said finding, petition a court of competent jurisdiction for a full hearing to review the action of the school board, and the court shall have jurisdiction to affirm or reverse the action of the school board in the matter. If the finding of the school board is reversed by the court and the teacher is ordered reinstated and restored to duty, the teacher shall be entitled to full pay for any loss of time or salary he or she may have sustained by reason of the action of the said school board.