573 So.2d 501 (1990)
Bertha JACKSON
v.
ASCENSION PARISH SCHOOL BOARD, Ralph E. Ricardo & Eugene White.
No. 89 CA 0431.
Court of Appeal of Louisiana, First Circuit.
August 31, 1990.
*502 Benn Hamilton, Baton Rouge, for Bertha Jackson.
Jeff Diez, Gonzales, for Ascension Parish School Bd.
Before LOTTINGER, CARTER, SAVOIE, ALFORD and DOHERTY,[*] JJ.
CARTER, Judge.
This appeal arises out of a suit for damages for wrongful termination.

FACTS
Appellant, Bertha Jackson, was formerly employed by the Ascension Parish School Board (Board). Jackson had served as a part-time bus operator since September, 1976. On or about October 31, 1983, Jackson began operating a bus on a full-time basis and served the Galvez Elementary School. On July 17, 1984, the Board met in a regular meeting and approved a request by the superintendent to terminate Jackson as a bus operator for the following reasons:
(1) Unable to follow instructions from duly appointed authority; and
(2) Failure to maintain reasonable order and discipline on the school bus.
Thereafter, Jackson allegedly received a letter of notification from the Board, officially advising her that the Board was terminating her employment and the reasons therefor. The letter of termination was not admitted into evidence because of objections by the defendants.
Jackson subsequently filed suit for wrongful termination. Her petition bears a handwritten filing date of July 18, 1985, and a filing stamp dated July 23, 1985.[1] Named as defendants were the Board, Superintendent Ralph Ricardo, and the principal of Galvez Elementary School Eugene White. Defendants filed a declinatory exception challenging jurisdiction over the defendants and venue.[2] Jackson subsequently amended her petition, articulating more clearly her action for wrongful termination. *503 Thereafter, defendants answered Jackson's petition, as amended, and filed peremptory exceptions pleading the objection of prescription.[3]
After a hearing on the exception, the trial judge rendered judgment, maintaining defendants' peremptory exception pleading the objection of prescription and dismissing Jackson's suit for wrongful termination. Thereafter, Jackson filed a motion for new trial, which was denied by the trial judge.
From this adverse judgment, Jackson appeals, assigning the following errors:
1. The trial court erred in finding that appellant's cause of action prescribed on July 17, 1985.
2. The trial court abused its discretion in allowing evidence to be introduced by the defendants, and in refusing to permit appellant to introduce evidence.
3. The trial court abused its discretion in not granting appellant's Motion for a New Trial.
Defendants thereafter filed, with this court, a motion to strike Jackson's brief. In their motion, defendants contend that Jackson's brief contained unacceptable language in violation of Rule 2-12.4, Uniform RulesCourt of Appeal. The motion to strike was referred to the merits.

PRESCRIPTION
LSA-C.C. art. 3492 provides as follows:
Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.
An action for wrongful discharge or termination is a delictual action, which is prescribed one year from the day injury or damage is sustained. Dean v. Tensas Parish School Board, 505 So.2d 908 (La.App. 2nd Cir.1987), writ denied, 508 So.2d 826 (La.1987); Arvie v. Century Telephone Enterprises, Inc., 452 So.2d 392 (La.App. 3rd Cir.1984).
A prescriptive statute is subject to the discovery rule embodied in the doctrine of contra non valentem agere nulla currit praescriptio to the effect that prescription does not run during the period in which the cause of action was not known or reasonably knowable to the plaintiff. Griffin v. Kinberger, 507 So.2d 821 (La.1987); Corsey v. State of Louisiana, Department of Corrections, 375 So.2d 1319 (La.1979); Zumo v. R.T. Vanderbilt Company, Inc., 527 So.2d 1074 (La.App. 1st Cir.1988). Therefore, under the law, prescription does not commence until the plaintiff has actual or constructive notice of the tortious act, the resulting damage, and the causal connection between the two. Zumo v. R.T. Vanderbilt Company, Inc., supra.
In the instant case, the minutes of the July 17, 1984, Board meeting clearly reflect that the superintendent made the recommendation to the Board to terminate Jackson, citing two reasons for such discharge, and that the Board unanimously approved such recommendation. However, there is no evidence as to the effective date of her termination. The record is also devoid of any evidence regarding Jackson's knowledge of such termination, either prior to or subsequent to the Board meeting. The record does not reveal that Jackson was informed that the recommendation would be made, that she was advised of the termination, or that she was present during the Board meeting.
Defendants contend that notice is not required for the tolling of prescription, citing Dean v. Tensas Parish School *504 Board, supra. Defendants are correct in their assertion that notice pursuant to LSA-R.S. 17:492[4] is not a requirement for the commencement of the running of prescription. However, the statute does require notice, and defendants' reliance on Dean is clearly misplaced. In Dean, the appellant was verbally notified on June 17, 1982, that the superintendent intended to recommend to the Board that Dean be demoted. Dean was demoted on June 21, 1982, and received notice of such demotion pursuant to LSA-R.S. 17:442[5] on June 28, 1982. The court determined that the prescriptive period commenced on June 21, 1982 the date Dean had constructive notice of the tortious act, resulting damage, and a causal connection between the two.
In the case sub judice, there was no evidence that plaintiff was verbally or otherwise notified of any contemplated action prior to the meeting of July 17, 1984. Therefore, we find that prescription could not commence to run until Jackson knew or should have known of the delictual action and/or that she sustained damage. Because the record does not contain any evidence as to when Jackson "knew or should have known" that she had been terminated, we find that the matter should be remanded to the trial court for evidence on this issue. See LSA-C.C.P. art. 2164. We note that Jackson attempted to introduce evidence as to her receipt of the termination letter, which was met with objection.
Because of our ruling on this assignment of error, we find it unnecessary to address Jackson's other assignments of error.

MOTION TO STRIKE
Rule 2-12.4, Uniform RulesCourts of Appeal, sets forth certain requirements for an appellant's brief, including:
The language used in the brief shall be courteous, free from vile, obscene, obnoxious, or offensive expressions, and free from insulting, abusive, discourteous, or irrelevant matter or criticism of any person, class of persons or association of persons, or any court, or judge or other officer thereof, or of any institution. Any violation of this Rule shall subject the author, or authors, of the brief to punishment for contempt of court, and to having such brief returned.
Defendant cites several portions of Jackson's brief which allegedly contain such objectionable language.
Although certain references made in Jackson's brief may have been inappropriate, we do not feel that they are of such a nature as to require that the brief be stricken or that sanctions be imposed.
Further, because of our disposition of the matter on the issue of prescription without addressing the propriety of denying the new trial, it is unnecessary to address that *505 portion of the motion to strike with regard to Jackson's failure to attach a copy of the judgment denying the new trial.

CONCLUSION
For the above reasons, the judgment of the trial court maintaining the peremptory exception raising the objection of prescription and dismissing Jackson's suit is reversed, and the matter is remanded to the trial court for further proceedings consistent with the views expressed herein. Additionally, defendants' motion to strike is denied. Defendants are cast for costs in the amount of $540.54.
REVERSED AND REMANDED.
SAVOIE, J., dissents.
NOTES
[*] Judge Lewis S. Doherty, III, retired, is serving as judge pro tem by special appointment of the Louisiana Supreme Court to fill the vacancy created by the temporary appointment of Judge Melvin A. Shortess to the Supreme Court.
[1] In their briefs on appeal, defendants state that petitioner filed suit on July 18, 1985. Therefore, the issue of the date of filing appears to have been resolved by the parties and, as the petition contains a handwritten filing date, we will consider the date of July 18, 1985, as the date of the filing of Jackson's petition.
[2] Defendants subsequently waived the declinatory exception in their answer.
[3] Defendants filed a peremptory exception pleading the objection of prescription on August 31, 1988. Defendants alleged that the petition was filed on July 23, 1985, but that the injury or damage occurred on July 18, 1984. Defendants amended the peremptory exception on September 13, 1988, alleging that they terminated Jackson's employment on July 17, 1984, that Jackson's petition was filed on either July 18 or 23, 1985, and that more than a year elapsed between the alleged wrongful termination and the date of the filing of the petition. Defendants again filed a peremptory exception pleading the objection of prescription. In this exception, defendants alleged that the injury or damage occurred on July 18, 1984, that the petition for wrongful termination was filed on July 23, 1985, and that, as a result, Jackson's action had prescribed.
[4] Dean v. Tensas Parish School Board, 505 So.2d 908 (La.App. 2nd Cir.1987), writ denied, 508 So.2d 826 (La.1987), dealt with a probationary teacher and the procedure for discharging such a teacher, which is set forth in LSA-R.S. 17:442. School bus drivers are governed by a substantially similar provision, LSA-R.S. 17:492, which provides as follows:

Each school bus operator shall serve a probationary term of three years reckoned from the date of his first employment in the parish in which the operator is serving his probation. During the probationary term the parish school board may dismiss or discharge any operator upon the written recommendation of the parish superintendent of schools accompanied by valid reasons therefor.
Any school bus operator found unsatisfactory by the parish school board at the expiration of the probationary term shall be notified in writing by the board that he has been discharged or dismissed; in the absence of such notification such probationary school bus operator shall automatically become a regular and permanent operator in the employ of the school board of the parish in which he has successfully served his probationary term; provided that all school bus operators in the employ of any parish school board on July 26, 1944, and who have served satisfactorily as school bus operators for more than three consecutive years and who shall be employed for the school term of 1944-45, are declared to be regular and permanent school bus operators in the employ of the school board of that parish.
In order to acquire tenure under the provisions hereof, each school bus operator shall personally operate and drive the school bus he is employed to operate; no one shall acquire tenure in the operation of more than one school bus.
[5] See Footnote 4, supra.