639 So.2d 856 (1994)
STATE of Louisiana
v.
Brian R. BELL.
No. 94-KA-49.
Court of Appeal of Louisiana, Fifth Circuit.
June 28, 1994.
John M. Mamoulides, Dist. Atty., Kim McElwee, Stacy Schrieffer, Dorothy A. Pendergast, Asst. Dist. Attys. (Louise Korns, of counsel), Gretna, for plaintiff-appellee.
Bruce G. Whittaker, Staff Appellate Counsel, Indigent Defender Bd., Gretna, for defendant-appellant.
Before KLIEBERT, C.J., and GAUDIN and CANNELLA, JJ.
KLIEBERT, Chief Judge.
Defendant, Brian Bell, was charged by grand jury indictment with aggravated rape, a violation of LSA-R.S. 14:42. Bell was arraigned *857 on September 30, 1992 and pled not guilty.
A jury trial was held on August 31, 1993 through September 3, 1993. By vote of eleven to one, the jury convicted the defendant of the charge of aggravated rape. Thereafter, the defendant moved for a new trial, which was denied. On October 13, 1993, the trial court resentenced the defendant to life imprisonment without benefit of parole, probation, or suspension of sentence, with credit for time served. The defendant appeals the conviction.
On appeal, the defendant lists one assignment of error: (1) the trial court erred in accepting Dr. Jacqueline Winter as an expert in sexual abuse and permitting the witness to render an opinion on defendant's guilt.
Article 702 of the Louisiana Code of Evidence provides:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.
The trial court is vested with wide discretion in determining the competence of an expert witness and its ruling on the qualification of the witness will not be disturbed absent an abuse of discretion. State v. Watson, 449 So.2d 1321 (La.1984).
Dr. Jacqueline Winter was accepted by the trial court in child sexual abuse and pediatrics. She testified that she was a practicing and licensed pediatrician for thirty-five years and is on the active staff at East Jefferson Hospital. In 1991, she became an examining physician for the Jefferson Parish Coroner's Office for the purpose of examining children in cases of alleged sexual abuse. In order to perform this function, she attended a seminar involving techniques in the examination and interviewing of sexually abused children. As an ongoing educational process she attended meetings with other physicians and reviewed published literature on the subject of child sexual abuse. She testified that she conducted approximately seventy-five examinations of children in alleged sexual abuse cases.
The defendant objected to the trial court's acceptance of Dr. Winter as an expert in child sexual abuse. We find no abuse of discretion in the trial court's ruling on this issue.
The defendant contends that the trial court erred in permitting Dr. Winter to testify regarding the history of the alleged sexual abuse as reported by the victim[1] to Dr. Winter during the course of Dr. Winter's interview and examination of the victim. Defense counsel objected to this testimony on the grounds of hearsay. LSA-C.E. Article 803 states in pertinent part:
The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
* * * * * *
(4) Statements for purposes of medical treatment and medical diagnosis in connection with treatment. Statements made for purposes of medical treatment and medical diagnosis in connection with treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause of external source thereof insofar as reasonably pertinent to treatment or diagnosis in connection with treatment.
Dr. Winter testified about the victim's statements of how the sexual abuse occurred. These statements were pertinent to the diagnosis of the victim's condition and the type of trauma involved and in describing the medical history and the inception or general character of the cause or external source thereof reasonably pertinent to the treatment or diagnosis in connection with treatment. Therefore, the trial court did not commit reversible error in allowing this evidence at trial.
The defendant contends that Dr. Winter's testimony expressed an opinion as to the defendant's guilt. Although expert opinion testimony is admissible, in a criminal case, an *858 expert witness shall not express an opinion as to the guilt or innocence of the accused. La.C.E. Article 704. State v. Montana, 421 So.2d 895 (La.1982).
Dr. Winter also testified that the victim's history as reported to her was consistent with a child who had been sexually abused and that her physical examination of the victim revealed that a blunt penetrating object caused the victim's hymen to be absent. She further testified that, based on the history and her physical examination, she could conclude that the blunt penetrating object was a penis. When asked by defense counsel as to whether she was concluding on her own that Brian Bell had intercourse with the victim, she testified in the negative.
Defense counsel failed to object to Dr. Winter's testimony on the grounds now asserted in this appeal. Louisiana Code of Criminal Procedure Article 841 provides, in pertinent part, that "An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence." It is well established that a defendant is limited to the grounds for objection articulated at trial and a new basis for objection cannot be raised for the first time on appeal. State v. West, 419 So.2d 868 (La. 1982); State v. Myers, 584 So.2d 242 (La. App. 5th Cir.1991), writ denied, 588 So.2d 105 (La.1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1945, 118 L.Ed.2d 550 (1992).
Notwithstanding the defendant's failure to object at trial, we have carefully reviewed Dr. Winter's testimony and we find no error in permitting Dr. Winter to express the conclusions reached by her. Her testimony did not express her opinion as to the defendant's guilt. In fact, when asked by defense counsel, she denied having reached an opinion as to his guilt on her own volition.
For the reasons stated, we affirm the defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] The victim was 10 years old at that time.