| iKLIEBERT, Judge.
In this redhibition suit Mr and Mrs. Christopher Bertucci and Bertucci Realty, Inc., defendants-appellants, appeal from a trial court judgment rescinding the sale of a house and property sold by Mr. and Mrs. Bertucci to plaintiffs-appellees, Mr. and Mrs. Armando Cruz.
On September 16,1985, Mr. and Mrs. Cruz purchased from Mr. and Mrs. Bertucci a house and property located at 8400 Academy Drive in Jefferson Parish for $75,000.00. Plaintiffs filed suit against the Bertuccis and Bertucci Realty, Inc. on May 31, 1989 to rescind the sale and for damages. The trial judge rendered judgment in favor of plaintiffs and against the defendants rescinding the sale of the property and awarding plaintiffs $9,677.47 in damages and $2,500.00 in attorney’s fees. Defendants appeal and urge that the trial court erred in (1) finding that the fact that the house had been involved in a fire was a vice or defect for redhibition purposes; (2) finding that the Bertuccis had knowledge of the fire to the house; (3) denying the defendants’ exception of prescription; (4) failing to find that the fact that the house was involved in a fire was not easily discoverable by plaintiffs; (5) relying on the testimony of plaintiffs’ expert witness; (6) relying on Truelove v. Easley, 521 So.2d 1229 (La.App. 23rd Cir.1988) in reaching its conclusion, and (7) casting Bertucci Realty, Inc. in judgment.
LA-C.C. article 2520 defines redhibition as the avoidance of a sale on account of some vice or defect in the thing sold, which renders it absolutely useless or its use so inconvenient and imperfect that it must be supposed that the buyer would not have purchased it had he known of the vice.
The house at 3400 Academy Drive was involved in an extensive fire prior to the sale to Mr. and Mrs. Cruz. Mr. and Mrs. Bertuc-ci and another couple were the owners of Equity Properties which was involved in the business of buying and selling real estate for a profit and were aware of the extensive fire damage to the property when Equity Properties acquired the house. The house was repaired and reconstructed by Equity Properties. During the renovation some of the burned rafters in the house were not replaced. After the renovation was completed, the property was placed on the real estate market for sale. After the house was on the market for some time without a sale, Mr. and Mrs. Bertucci acquired the house from Equity Properties and they continued to own the house until they sold it to Mr. and Mrs. Cruz in September 1985. In the fall of 1988, Mr. and Mrs. Cruz were informed by one of the neighbors that the house had been involved in a fire prior to their purchase.
The record contains extensive and undisputed evidence of the problems with the house experienced by the Cruzes, including the walls in the bathroom turning black and the ceilings and walls becoming subject to mildew. Leaks appeared in the bathroom and the house began to fall apart. Numerous photographs introduced into evidence showed the overall deterioration of the property. In addition, there was extensive testimony by the parties, as well as Mr. Jimmy Rogers, accepted by the court as an expert in home construction, with respect to the condition of the home resulting from the effects of the fire.
Our review of the record and exhibits filed in the record reveals substantial evidence which supports the trial court’s finding that the house contained redhibitory vices and defects. We | -¡cannot say that the trial court’s finding is clearly erroneous based on the evidence presented. Also, there is ample evidence to support the trial court’s finding that Mr. and Mrs. Bertucci had knowledge of *463 the fire to the house. We find no merit in these assignments of error listed above as numbers (1) and (2).
Appellants argue that the trial court should have sustained their exception of prescription. LA-C.C. article 2534[1] provides, in part, as follows:
The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale.
This limitation does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser.
Nor where the seller, not being domici-liated in the State, shall have absented himself before the expiration of the year following the sale; in which case the prescription remains suspended during his absence.
The sale of the house occurred on September 9, 1985 and suit was filed on April 5, 1989, more than one year after the date of the sale. The trial court found that the Bertuecis had knowledge that the house had been severely damaged by fire prior to the sale to the plaintiffs-appellees and failed to inform the Cruzes of this fact. The trial court found that the Cruzes did not have knowledge of the fire until informed by their neighbor in the fall of 1988. Based on these findings and our own review of the record, we see no error in the trial court’s findings and its decision not to sustain the exception of prescription.
Appellants contend that appellees could have easily discovered the fact that the house had been involved in a fire by merely going into the attic where the burned rafters left after the fire were visible. Apparent defects which the buyer can discover by simple inspection cannot be redhibitory defects. LA-C.C. art. 2521[2]. Simple inspection means more than a mere casual observation by thejjbuyer and requires an examination with a view of ascertaining the soundness of an object, but the buyer is not required to examine the inner or hidden parts of the object for the purpose of finding latent defects. Thomson v. Cobb, 570 So.2d 145 (La.App. 3rd Cir.1990), writ denied, 572 So.2d 72 (La.1991). The proper test to be applied is whether a reasonably prudent buyer acting under similar circumstances would have discovered the problem prior to the sale. Sieved v. Henderson, 506 So.2d 743 (La.App. 1st Cir.1987).
All parties testified that the home appeared almost new at the time of the sale to Mr. and Mrs. Cruz. With regard to the burned rafters in the attic, the testimony and photographic evidence offered at the trial confirmed that there was no stairway leading to the attic nor was there a light in the attic. Under these circumstances, it is not unreasonable to conclude that a reasonably prudent buyer would not have discovered the existence of the burned rafters prior to the sale. We see no error in the trial court’s finding that the defect was not discoverable by simple inspection.
Appellants argue that the trial court erred in relying on the testimony of Jimmy Rogers as an expert in home construction. The trial court is vested with wide discretion in determining the competence of an expert witness. State v. Bell, 94-49 (La.App. 5th Cir. 6/28/94) 639 So.2d 856. Mr. Rogers testified that he had been involved in the business of home construction for 21 years and had experience in the building and remodeling of houses. The trial court’s use of Mr. Rogers’ testimony as an expert was within the wide discretion afforded to the trial court.
Appellants argue that the trial court’s reliance on Truelove v. Easley, supra, was misplaced. In Truelove, a seller who rebuilt a house for the purpose of selling it for profit was held to know the vices and defects in the house. Appellants contend that they were not the owners of the house at the time the repairs were made and should not be charged with knowledge of the defects in the house. Although appellants were not the *464 actual owners at the time the repairs were made, the house was owned at that time by Equity Properties which was partly owned by appellants. In addition, Mr. |5Bertucci was the president of that .company and visited the house during the period when reconstruction of the house took place. We see no merit in this assignment of error.
Appellants argue that the trial court judgment against Bertueci Realty, Inc. is not supported by any evidence. Although appel-lees argue in brief that Bertueci Realty is composed of Mr. and Mrs. Bertueci, and Mrs. Bertueci was the sales manager for Bertueci Realty, we find no evidence in the record to support this argument. We also find no evidence in the record to support the trial court’s judgment against Bertueci Realty, Inc.
We therefore affirm the trial court’s judgment in favor of plaintiffs against Mr. and Mrs. Bertueci and reverse the trial court’s judgment against Bertueci Realty, Inc.
All costs are assessed to Mr. and Mrs. Bertueci.

AFFIRMED IN PART; REVERSED IN PART.

. In effect at the time of sale; however, replaced by Acts 1993, No. 841, § 1, effective January 1, 1995.

. In effect at time of sale; however, replaced by Acts 1993, No. 841, § 1, effective January 1, 1995.