707 So.2d 94 (1998)
Ervin NICHOLSON
v.
ST. JOHN THE BAPTIST PARISH SCHOOL BOARD.
No. 97-CA-846.
Court of Appeal of Louisiana, Fifth Circuit.
January 14, 1998.
Dan Scheuermann, Baton Rouge, for Plaintiff/Appellant Ervin Nicholson.
John L. Diasselliss, III, LaPlace, for Defendant/Appellee St. John the Baptist Parish School Board.
Before BOWES, WICKER and CANNELLA, JJ.
BOWES, Judge.
Plaintiff, Ervin Nicholson, appeals from a decision of the trial court maintaining an exception of prescription in favor of defendant, St. John the Baptist Parish School Board. We affirm the decision of the trial court.
Plaintiff was a tenured industrial arts teacher. On August 16, 1985 he was notified by letter from B.C. DeSpain, Superintendent of the St. John the Baptist Parish School system, that the industrial arts program at his assigned school would no longer be offered and that the school system would no longer be able to employ him as an industrial arts teacher. By letters dated August 26, 1985 and September 3, 1985, plaintiff notified Mr. DeSpain of his request for a review of *95 his termination by the St. John the Baptist Parish School Board.
On October 1, 1985, plaintiff was notified that his grievance would be heard by the school board on October 3, 1985. On November 14, 1985, plaintiff was notified that the St. John the Baptist Parish School Board found that the actions taken by the superintendent in eliminating the industrial arts program, and in terminating plaintiff's employment as a result, were proper and in the best interest of the school system.
On December 10, 1987, plaintiff instituted this action, alleging that he was wrongfully terminated from employment and seeking reinstatement and back pay.
Defendant, St. John the Baptist Parish School Board, filed a peremptory exception of prescription and laches on March 10, 1997, alleging that the prescriptive period for wrongful termination was one year, and that plaintiff's suit, filed over two years after he received notice of the School Board's affirmation of his termination on November 14, 1985, was untimely and, therefore, prescribed.
The trial court granted the exception of prescription and this appeal followed.

ANALYSIS
A claim for wrongful termination is a delictual action and is subject to a one year prescriptive period from the date of discharge, or from the date of notice of the discharge. La.C.C. art. 3492. Kately v. Martin Mills, Inc., 96-491 (La.App. 3 Cir. 12/11/96), 685 So.2d 512; Jackson v. Ascension Parish School Bd., 573 So.2d 501 (La. App. 1 Cir.1990), writ denied, 569 So.2d 989 (La.1990). This prescriptive period begins to run when the plaintiff has actual or constructive notice of the alleged wrongful termination. Jackson v. Ascension Parish School Bd., supra.
On the face of plaintiff's petition, his action has prescribed because it was not instituted until 1987, two years after the alleged wrongful termination. Therefore, plaintiff has the burden of proving an interruption or suspension of the prescriptive period. Kately, supra. Plaintiff admits that he was notified that the School Board reviewed his termination and found it to be necessary and in the best interest of the school system on November 15, 1985, more than two years prior to his filing of this suit.
However, plaintiff alleges that his prescriptive period has not yet begun to toll because he was never afforded a full hearing as contemplated by La.R.S. 17:443.[1] However, we hold that La.R.S. 17:443 provides for the dismissal of a teacher, for cause, after that teacher is found guilty of charges of willful neglect of duty, incompetence, dishonesty or other substandard actions.
In this case, plaintiff was not "fired" or terminated from employment for wrongful acts, but was "laid off" because there was no longer a position for him to fill. Accordingly, we hold that the provisions of La.R.S. 17:443 are not applicable to the instant case. In addition, we have not found any other statutory provision which would warrant a suspension of the prescriptive period in this case.
Therefore, we hold that the trial court correctly ruled that the plaintiff's action for wrongful termination has prescribed.

*96 CONCLUSION

For the above discussed reasons, the judgment of the trial court granting defendant's exception of prescription is affirmed. All costs are assessed against appellant.
AFFIRMED.
NOTES
[1] La.R.S. 17:443 provides:

B. If a permanent teacher is found guilty by a school board, after due and legal hearing as provided herein, on charges of willful neglect of duty, or of incompetency, or dishonesty, or of being a member of or contributing to any group, organization, movement or corporation that is by law or injunction prohibited from operating in the state of Louisiana, and ordered removed from office, or disciplined by the board, the superintendent with approval of the board shall furnish to the teacher a written statement of recommendation of removal or discipline, which shall include but not be limited to the exact reason(s), offense(s) or instance(s) upon which the recommendation is based. Such teacher may, not more than one year from the date of the said finding, petition a court of competent jurisdiction for a full hearing to review the action of the school board, and the court shall have jurisdiction to affirm or reverse the action of the school board in the matter. If the finding of the school board is reversed by the court and the teacher is ordered reinstated and restored to duty, the teacher shall be entitled to full pay for any loss of time or salary he or she may have sustained by reason of the action of the said school board.