721 So.2d 933 (1998)
Gerald LABIT and Ellen Labit
v.
D.H. HOLMES CO., LTD. and Goodyear Tire & State of Louisiana Rubber Company.
No. 98-CA-238.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 1998.
*934 Anthony S. Taormina, John B. Noble, Metairie, for Plaintiffs/Appellants.
Jonathan C. McCall, Robert B. Landry, Douglas L. Grundmeyer, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, for Defendants/Appellees.
Before DUFRESNE and GOTHARD, JJ., and THOMAS C. WICKER, Jr., J. Pro Tem.
GOTHARD, Judge.
Plaintiffs appeal from a jury verdict finding no liability on the part of defendants, and resulting judgment dismissing plaintiffs' suit. For the following reasons, we affirm the decision of the trial court.

FACTS
On November 6, 1989, plaintiff Ellen Labit was driving her husband's 1987 Toyota Supra westbound on Interstate 10 in Jefferson Parish, Louisiana. Her husband, plaintiff, Gerald Labit, was a passenger in the automobile. As the automobile approached the Causeway Boulevard exit, the left rear tire blew out, causing a loss of control of the vehicle. The car ran first into the guard rail and then crossed the highway, where it ran into a light pole. Both Mr. and Mrs. Labit were injured in the accident.
Plaintiffs filed suit against D.H. Holmes and Goodyear Tire and Rubber Company (hereinafter "Goodyear"),[1] alleging that, prior to the accident, the car had been brought to Goodyear for tire replacement; however, Goodyear improperly repaired the tire instead. Defendant contended that it did, in fact, replace the tire and that any improper tire repair was done subsequent to the Labits' visit to Goodyear. After a trial on the merits, the jury returned a verdict in favor of the defendants, and the trial court dismissed plaintiffs' suit. Plaintiffs filed a Motion for Judgment Notwithstanding the Verdict (JNOV) or alternatively, Motion for New Trial, which were denied by the trial court. This appeal followed.
It was undisputed that the cause of the accident was an improper tire repair to the left rear tire. A puncture in the sidewall of the tire had been improperly plugged. Expert testimony at trial established that, prior to the repair, the tire had been driven while flat, causing damage to the interior sides. The tire was not removed from the rim when repaired, and therefore, the damage went undiscovered. Further, it was never appropriate to plug a tire when the damage was to the sidewall.
Mr. Labit testified by video deposition that on October 29, 1988, he went to Goodyear and purchased two tires. At that time, he also purchased a tire protection plan. In March of 1989, he replaced two tires and rims after his daughter damaged the tires. In August of 1989, he had a flat tire on the left rear of the car. He told his daughter, Dorothy Boecher, to bring the car to Goodyear, because of the tire protection plan. He contends that it was during this visit that Goodyear improperly repaired the tire, although the invoice generated at this visit reflects that the tire was replaced, not repaired.
Plaintiff's daughter, Dorothy Boecher, testified that she was with her father when he had the flat tire in August of 1989. After the tire went flat, he had to drive the car for a *935 distance, before he could stop to change the tire. The next day, August 25, 1989, she took the car to Goodyear for a replacement. She arrived right before lunch, accompanied by her young son. Ms. Boecher testified that she waited for the car for almost two hours, and then she complained of the length of time that it was taking. Shortly thereafter, the car was ready. The Goodyear personnel told her that they had replaced the tire. She also testified that she kept looking in the window at the repair bay, but she never saw the car up on the rack.
Brian Dolly, a mechanic, testified that he worked at Goodyear in August of 1989. He testified that it was Goodyear's policy to never plug a tire from the outside, although they might patch a tire from the inside. He further testified that Goodyear would not plug or patch a tire when the damage was to the sidewall, as was the hole that had been plugged in the tire at issue. He further testified that the invoice of the visit of August 1989 showed that the tire was replaced, not repaired. Mr. Dolly did admit that the quickest way to repair a flat was the use of an external plug.
Steven Montalbano was a service manager at the Esplanade Store in 1989. He testified that tires were never plugged at Goodyear during the time he was employed there. Furthermore, a tire would never be patched if the damage was in the sidewall; patching would only be appropriate for some types of damage in the treads. He also testified that the invoice of the August 1989 visit reflected that the tire on the left rear rim was replaced.
Mr. Labit further testified that the car was brought only to Goodyear for tire replacement from March 1989 until the date of the accident in November of 1989, approximately ten weeks later. Mr. Labit also stated that during the time period at issue, he drove the car most of the time; however, his adult children also drove the car on occasion. None of the children told him about having a flat tire and/or having any tire patched. He admitted that he was not always with his children when they drove the car. Mr. and Mrs. Labit, and daughters Lisa Labit and Dorothy Boecher, all testified that they had never had any tire on the car repaired with a plug. His son, Gerry Labit, did not testify at trial.
Allen McLean, an expert on tire repair, testified for the plaintiffs. He testified that he had examined the tire at issue and that the tire had been improperly repaired. It was his opinion that the tire had not been taken off and examined prior to the plug repair. The tire tread wear indicated that the tire was almost new when the blowout occurred.
Harry Baumgardner qualified as an expert in tire technology, including tire failure and repair. He testified that he examined the tire at issue and found a fresh plug repair. The interior of the tire showed a line of wear from driving while flat, called "run flat" damage, which indicated that the tire was probably not dismounted when the plug was inserted. He opined that the tire was not in a repairable condition when it was repaired by the insertion of the plug. He further testified that the tire would fail within a relatively short time after the plug was inserted. He opined that the tire failure probably would have occurred shortly after repair, but failure ten weeks later was not impossible. It would depend on the amount of miles the car had been driven.
Defense witness Charles Gold was qualified as an expert in tire failure and repair. He testified that the tire was improperly repaired. The tire had extensive "run flat" damage, and it was his opinion that the tire had not been removed from the rim and examined before it was plugged. He opined that the tire would not have lasted ten weeks after the repair, if the vehicle was driven regularly.
John Smith, products analyst for Goodyear and an expert in tire repair, testified that he examined the tire after the accident. It had a large plug repair through the upper sidewall, and extensive "run flat" damage both internal and external. The "run flat" damage caused the tire to "blow out". He opined that the tire would have lasted for only a few revolutions after it was plugged, and it could not have been driven for ten weeks after the plug was inserted.
*936 On rebuttal, plaintiff introduced the testimony of Anthony Rabito. He testified that in the late 1980's, the Goodyear Center in the Esplanade Mall had repaired one of his tires with a plug. He contacted plaintiff's counsel after reading an advertisement placed by counsel in the newspaper.

ANALYSIS
In their first allegation of error on appeal, plaintiffs allege that the jury was manifestly wrong and clearly erroneous in its finding of no liability on the part of the defendants. Plaintiffs further allege that the trial court erroneously denied their motion for judgment notwithstanding the verdict or motion for new trial.
This court may not set aside a jury's finding of fact in the absence of manifest error or unless it is clearly wrong. Maranto v. Goodyear Tire & Rubber Co., 94-2603, 94-2615 (La.2/20/95) 650 So.2d 757, 762. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The issue to be resolved by the reviewing court is not whether the factfinder was right or wrong, but whether his conclusion was a reasonable one. Walker v. McCartney, 96-706 (La.App. 5 Cir. 9/17/97) 700 So.2d 898, 902. A proper review of the record cannot be completed by reading so much of the record as will reveal a reasonable factual basis for the finding of the trial court. There must be a further determination that the factfinder's conclusion is reasonable in light of the entire record. Mann v. Zurich Ins. Co., 97-429 (La.App. 5 Cir. 10/28/97) 702 So.2d 960, 962, writ denied 98-0125 (La.3/20/98) 715 So.2d 1211. If the jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as trier of fact, it would have weighed the evidence differently. Rogers v. Roch, 95-242 (La.App. 5 Cir. 10/18/95) 663 So.2d 811, 818, writ denied 95-2769 (La.1/26/96) 666 So.2d 678.
La. C.C.P. art. 1811 governs judgments notwithstanding the verdict but fails to establish grounds upon which the trial court may grant a motion for JNOV. Such criteria has been established by Louisiana jurisprudence. See Scott v. Hospital Service District No. 1, 496 So.2d 270 (La.1986). These standards were clearly explained in the case of Morehead v. Ford Motor Co., 29,399 (La.App. 2 Cir. 5/21/97) 694 So.2d 650, 654, 655, writ denied 97-1865 (La.11/7/97) 703 So.2d 1265:
JNOV is a question of whether the jury verdict, as a matter of law, is supported by any legitimate or substantial evidence. To determine that the evidence was insufficient as a matter of law requires a finding that no valid line of reasoning and permissible inferences could possibly lead rational persons to the conclusion reached by the jury. Because such a finding leads to a directed verdict terminating the action without resubmission to another jury, this standard is harsh. When applying this test, the trial court may not substitute its judgment of the facts for that of the jury and must consider all evidence in the light most favorable to the prevailing party and giving that party the benefit of every legitimate and reasonable inference that could have been drawn from the evidence. (Citations omitted.)
Plaintiff also alleges that the trial court erred in denying their motion for new trial. A new trial shall be granted when the verdict or judgment appears clearly contrary to the law and evidence and may be granted if there are good grounds therefore. La. C.C.P. arts.1972 and 1973. The jury's verdict should not be set aside if it is supportable by any fair interpretation of the evidence. Engolia v. Allain, 625 So.2d 723 (La.App. 1 Cir.1993). A new trial should only be granted if the trial court, exercising its discretion, is convinced by its examination of the facts that the judgment would result in a miscarriage of justice. Perkins v. K-Mart Corporation, 94-2065, (La.App. 1 Cir. 6/23/95) 657 So.2d 725, 731, writ denied 95-2058 (La.11/13/95) 662 So.2d 477. The trial court has much discretion in determining whether to grant a motion for new trial and its decision to deny a new trial shall not be reversed unless there has been an abuse of this discretion. Id.
*937 In the case before us, there was no dispute that the tire at issue had been improperly repaired. Plaintiffs testified that, although Goodyear told them the tire was replaced, it must have been repaired instead because they never went anywhere else for tire service during the time period in question. Employees for Goodyear testified that the invoices showed that the tire was replaced, and further that they never would have repaired the tire by the insertion of a plug in the sidewall, as was done in this case. The jury obviously found defendants more credible, as they answered jury interrogatories finding that Goodyear had not repaired the tire at issue.
Based on our review of the record in its entirety we cannot say that the jury acted unreasonably in its findings and therefore we cannot find manifest error in its decisions. Likewise, we cannot say that the trial court erred in denying plaintiffs' Motion for JNOV or alternative New Trial. We find this assignment of error without merit.
In their second allegation of error, plaintiffs allege that the trial court made several evidentiary rulings which constituted reversible error and they request that this court conduct a de novo review of the record.
In our review of the plaintiffs' challenge to the trial court's evidentiary rulings, we are mindful of the well settled rule which provides that trial judges are given wide discretion in ruling on evidentiary matters, and such rulings will be disturbed on appeal only when there is a clear showing that there has been an abuse of that discretion which has prejudiced substantial rights of a party. La. C.E., Art. 102, 103; Terrebonne v. Goodman Mfg. Corp., 96-450 (La.App. 5 Cir. 12/30/96) 687 So.2d 124.
Plaintiffs allege first that the trial court erred its qualifications of Charles Gold as an expert witness. The record reflects that the trial court qualified Charles Gold as an expert in tire failure analysis and tire repair, over plaintiffs' objection that he should be qualified as an expert only in tire failure analysis and not in tire repair.
Whether an expert meets the qualifications of an expert witness and the competency of the expert witness to testify in specialized areas is within the discretion of the trial court. The exercise of that discretion will not be disturbed by an appellate court unless it is clearly erroneous. Bourgeois v. Arrow Fence Co., Inc., 592 So.2d 445 (La. App. 5 Cir.1991) writ denied 596 So.2d 214 (La.1992). See also Cruz v. Bertucci, 95-200 (La.App. 5 Cir. 11/15/95) 665 So.2d 460, writ denied 95-2900 (La.2/9/96) 667 So.2d 537.
In this case, Charles Gold testified that he had worked in the tire industry in excess of 40 years, and that he had qualified as an expert in 40 states and in over 200 cases. He admitted that he had not examined many improperly repaired tires, however, he also testified that some tires failed because of improper repair. Based on the record before us, we cannot say that the trial court abused its discretion in qualifying Mr. Gold as an expert in tire failure analysis and tire repair, instead of just tire failure analysis.
Second, plaintiffs argue that the trial court erred in allowing defense counsel to repeatedly question Mrs. Labit concerning an alleged accidental drug overdose.
A trial judge is given great discretion in deciding whether to receive or refuse the offered testimony of witnesses. Any bias must be in favor of receiving the testimony. Palomo v. LeBlanc Hyundai Partnership, 95-278 (La.App. 5 Cir. 10/31/95) 665 So.2d 414, writ denied 96-0399 (La.3/22/96) 669 So.2d 1214. In this case, the record reflects that Mrs. Labit herself put her past medical history at issue, and therefore the trial judge did not abuse his discretion in allowing defendants to cross examine Mrs. Labit about her past medical conditions, including her use/misuse of prescription medications.
Third, plaintiffs allege that the trial court erred in limiting their rebuttal evidence to three witnesses, and in requiring plaintiffs to disclose their identity and depose them prior to trial. Again, we note that the trial court has great discretion in controlling the presentation of evidence, including the power to admit or refuse to admit rebuttal evidence. LeBlanc v. Continental Grain Co., Inc., 95-813 (La.App. 5 Cir. 3/13/96) 672 *938 So.2d 951, writ denied 96-1526 (La.10/4/96) 679 So.2d 1383.
In addition, we note that plaintiffs did not proffer the excluded rebuttal evidence and, therefore, he has not preserved this allegation of error for review. See La. C.E. art. 103(A)(2); La. C.C.P. art. 1636; Menzie Tile Co. v. Professional Centre, 594 So.2d 410 (La.App. 1st Cir.1991), writ denied 600 So.2d 610 (La.1992).
Finally, plaintiffs allege that the trial judge erred in granting the defendants' motion in limine which prevented the plaintiffs from presenting crucial evidence including a tire plug insertion tool obtained from a Goodyear store.
Plaintiffs' counsel contacted defendants' employee and, without defense counsel's presence, obtained a statement and the insertion tool. Defendants filed a motion in limine, alleging that counsel's actions violated Rule 4.2 of the Louisiana Rules of Professional Conduct. At trial, the court ruled that it would allow evidence of the tool for demonstrative use only, and that plaintiffs could not introduce the statement, or evidence of where counsel had obtained the tool. Counsel for plaintiffs did not object to this evidentiary ruling; instead, he agreed to the limitation of the evidence for demonstrative purposes only. Counsel also did not proffer the excluded statement. Accordingly, there is nothing for this court to review. See La. C.E. art. 103(A)(2); La. C.C.P. art. 1636, supra.
We have reviewed the errors alleged by plaintiffs and find no error which would warrant a reversal of the jury verdict or a de novo review by us. Accordingly, we find that this assignment of error is without merit.

MOTION TO STRIKE
After the record was lodged in this court, and after plaintiffs filed their appellant brief, defendants filed a motion to strike with this court, alleging that the brief contained "offensive, insulting, abusive and discourteous criticisms of defendants, their witnesses, and their attorneys." This motion was referred to this panel for disposition. We have reviewed this brief and find that, while counsel's choice of wording may have been inappropriate, it does not require that sanctions be imposed or the brief be stricken. Jackson v. Ascension Parish School Bd., 573 So.2d 501 (La.App. 1 Cir.1990) writ denied 569 So.2d 989 (La.1990); Drury v. Fawer, 590 So.2d 808 (La.App. 4 Cir.1991) writ denied 592 So.2d 1304 (La.1992). Accordingly, we deny defendants' motion to strike.

CONCLUSION
For the above discussed reasons, the judgment of the trial court is affirmed. Costs of this appeal are cast against appellants.
AFFIRMED.
NOTES
[1] The Goodyear Center utilized by the plaintiff was located at the D.H. Holmes store in the Esplanade Mall, in Kenner Louisiana.